## McGee's Estate.

*Decedent's estate—Attorney at law—Contract for services.*

The heirs of a decedent agreed in writing to the employment of two attorneys, to whom the management of important litigation in which the estate was involved should be given, and who were to receive for their services twenty-five per cent of the amount realized for the estate. One of the attorneys declined to act, and his name was stricken out of the agreement. Another attorney was employed by the heirs, with the knowledge of the administrator, to assist in the litigation. He acted in conjunction with the attorney first retained, but did not have a knowledge of the agreement that had been made until after the litigation was ended. At the audit of the estate the attorney whose name was in the agreement claimed the entire twenty-five per cent. The orphans' court allowed him but twelve and one half per cent. and made to the other attorney who took part in the litigation an allowance based on the value of his services. *Held,* not to be error.

Argued Feb. 17, 1903. Appeal, No. 333, Jan. T., 1902, by William Wilhelm, from adjudication of the Orphans' Court of Schuylkill Co., in the estate of Patrick McGee, deceased, No. 40, July T., 1902. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication of orphans' court of Schuylkill county surcharging the administrator of Patrick McGee, deceased, with the sum of $1,549.03, being one half of the amount of fees paid to William Wilhelm, counsel for the estate of the decedent. Before DUNN, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing the exceptions.

*MacHenry Wilhelm,* with him *William Wilhelm* and *George Dyson,* for appellant.

*J. W. Moyer,* for appellee.

OPINION BY MR. JUSTICE FELL, May 4, 1903 :

The only assignment of error to be noticed relates to the surcharge of the accountant with one half the amount paid by him

to an attorney for services rendered the estate. The heirs of the decedent agreed in writing to the employment of two attorneys, to whom the whole management of the litigation in which the estate was involved should be given, and who were to receive for their services twenty-five per cent of the amount realized for the estate. One of the attorneys selected declined to act, and another attorney was employed by the heirs with the knowledge of the administrator to assist in the litigation. He acted in conjunction with the attorney first retained, but did not have a knowledge of the agreement that had been made until after the litigation was ended. At the audit an allowance was made him based on the value of his services. The court refused to allow the whole of the twenty-five per cent, agreed upon as compensation for two attorneys, to the one who acted under the agreement mentioned, but allowed him one half thereof. It was not denied that the agreement was fairly made, and that the compensation was reasonable in view of the protracted litigation in which the estate became involved. The only question was whether the attorney who acted under the agreement was entitled to the whole of the twenty-five per cent, or to only half thereof.

The conclusion reached by the learned court we think is correct. The understanding of the parties to the agreement evidently was that twenty-five per cent was to be paid to the two attorneys for all services to be rendered. The place of the one who did not act under the agreement was supplied by one who was not a party to it. The one who did act was allowed all he had stipulated for. Presumably he was given the same assistance that he would have received if the agreement had been carried out, and he was entitled only to his share of the compensation agreed upon.

The order of the court dismissing the exceptions is affirmed.