EDWARD F. COMSTOCK v. MATHIAS BALDWIN and Another.[1]

May 8, 1914.

Nos. 18,537—(79).

**Complaint sustained.**

   A complaint alleging that the plaintiff, an Illinois attorney, having a contract with the heirs at law of a deceased, who had come to his death in Minnesota by the negligent act of another, to bring an action therefor, and to take such steps as were proper, entered into a contract with the defendants, attorneys in Minnesota, to prosecute such action with him, the fees received to be divided equally between the plaintiff and defendants, that a recovery was had and the fees paid to the defendants, and that the defendants refused to pay the plaintiff the one-half agreed, states a cause of action.

[1] Reported in 147 N. W. 278.

Action in the municipal court of Minneapolis to recover $428.84. From an order, Bardwell, J., sustaining the separate demurrers of defendants, plaintiff appealed.    Reversed.

*John M. Rees,* for appellant.

*N. M. Cronin* and *D. E. La Belle,* for respondents.

DIBELL, C.

Appeal by the plaintiff from an order sustaining a demurrer to his complaint.

The complaint alleges that the plaintiff, an Illinois attorney, was the attorney for the heirs at law of one Ralph Young, who came to his death in Minnesota through the negligence of another; that he was authorized by them to take such steps as were necessary to recover the damages occasioned by his death; that he entered into a contract with the defendants whereby they and he were to act together, the plaintiff to receive one-half of the attorney's fees and the defendants one-half; that pursuant to the agreement one of the defendants was appointed administrator; that the action resulted in a recovery of $4,020.79; that one third of such sum was paid to the defendants as attorneys' fees; and that the defendants have paid plaintiff the sum of $225, leaving a balance still due him under the agreement.

The statute, G. S. 1913, § 8175 (R. L. 1905, § 4503) provides that the recovery for death by wrongful act "shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate." The complaint alleges a contract between the plaintiff and the *heirs at law* of the decedent Young. The surviving spouse and next of kin, as designated in G. S. 1913, § 8175 (R. L. 1905, § 4503) come within the designation of heirs at law as used in G. S. 1913, §§ 7238, 7243 (R. L. 1905, §§ 3648, 3653). A contract between the plaintiff and the persons including the surviving spouse and next of kin is sufficiently alleged.

But aside from all this the complaint alleges a contract between the plaintiff and the defendants, which has been executed, and as a result of which the defendants have in their hands money which, ac-

cording to the contract, belongs to plaintiff. No question of inconsistency in the allegations of the complaint is properly involved. There is no question of the ratification by the administrator of the contract between the plaintiff and the defendants. If there is any reason why the defendants should not pay it must be shown by answer. The demurrer is without merit.

Order reversed.