said it would instruct the jury thereon and no instructions are saved in the record, still as they were inadmissible, the instructions, whatever they were, could not cure the error of permitting them to go to the jury for any purpose. Inconsistency of pleadings is not a matter for the jury's consideration. Different grounds of defense were stated in the different affidavits. What influence they had on the jury cannot be determined. But the jury may have reasoned that the defenses in the different affidavits were, as the court intimated, inconsistent, and therefore made in bad faith, and hence that defendant's testimony was less reliable on that account. We can conceive of no other purpose of their introduction than to impeach defendant's credibility, or of any other significance a jury would attach to them. As they were admissible for no purpose and calculated to be prejudicial to defendant in the weight the jury gave to material evidence, there should be a new trial.

*Reversed and remanded.*

**Lewis Rinaker and Gustav E. Beerly, Defendants in Error, v. American Bond & Mortgage Company, Plaintiff in Error.**

**Gen. No. 21,138.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 9, 1916.

### Statement of the Case.

Intervening petition to enforce lien for attorney's fees of Lewis Rinaker and Gustav E. Beerly, attorneys at law, against the American Bond & Mortgage

Company, which was defendant in a suit brought by Tiny Johnson, plaintiff. From an order directing the defendant to pay petitioners $150, defendant brings error.

Petitioners were employed by one Tiny Johnson to prosecute a claim against the American Bond & Mortgage Company. One of them acting for his firm did considerable work to effect a settlement of the claim before bringing suit therefor. A suit was finally commenced in which his said firm and another firm (the attorneys for the American Bond & Mortgage Company in this appeal) appeared as attorneys of record. Most, if not all of the work connected with the litigation thereafter was conducted by the latter firm, resulting in a judgment against the American Bond & Mortgage Company for $2,650.

After commencement of the suit and prior to the rendition of the judgment, the petitioners served notice in due form on such judgment debtor of their claim to an attorney's lien under the statute for the services they had performed and were to perform in the matter, and filed an intervening petition in said cause to enforce said lien. On the hearing thereof, the American Bond & Mortgage Company was ordered adjudged and directed to pay petitioners $150.

There was evidence that the services rendered by petitioners were worth that sum. It was contended that the contract between petitioners and said Johnson called for an entire service, including prosecution of the suit, and that they abandoned the contract and thereby lost all right to compensation. This arose over the fact that the other legal firm was called in to aid defendants in error about the time the suit was commenced and conducted the trial without assistance from petitioners. Apparently the other firm was expected to conduct the trial, but it did not appear that petitioners did not perform all the services their client expected of them.

WILSON & MAY, for plaintiff in error.

GUSTAV E. BEERLY, *pro se* and ROY S. GASKILL, for defendants in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

ATTORNEY AND CLIENT, § 138*—*when attorney entitled to lien for services.* Where attorneys at law filing an intervening petition to enforce lien for attorneys' fees were employed to prosecute a claim and did considerable work to effect a settlement of same, after which a suit, in which the petition was filed, was brought by other attorneys on such claim, and it did not appear that petitioners did not perform all the services their client expected of them, *held* that such services on account of such claim and cause of action were sufficient to give a lien, within the purview of the statute, in such action.

## Jacob Horvitz, Defendant in Error, v. Nathan Shanfeld, Plaintiff in Error.

### Gen. No. 21,174.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 9, 1916.

## Statement of the Case.

Action of forcible detainer by Jacob Horvitz, plaintiff, against Nathan Shanfeld. The court directed a verdict for plaintiff and gave judgment for possession of the premises, from which defendant brings error. The lease under which Nathan Shanfeld, the defendant, held the premises was in writing and under seal. The rent was payable monthly in advance and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.