JACQUES LEBAUDY, Appellant, *v.* CARNEGIE TRUST COMPANY and EUGENE LAMB RICHARDS, as Superintendent of Banks of the State of New York, Defendants.

WILLIAM M. K. OLCOTT, Respondent.

First Department, June 8, 1917.

**Lien — attorney's lien on proceeds of judgment in hands of city chamberlain — extent of lien — practice — reference.**

In fixing the lien of an attorney on funds, the proceeds of a judgment, in the hands of the chamberlain of the city of New York it is improper to include moneys due to another attorney, not an attorney of record, which have not been paid over to said attorney by the petitioner, or to include sums representing disbursements in collateral matters. In such case the matter will be remitted to a referee to ascertain what parts of the disbursements were incurred in the action for which the plaintiff is entitled to a charging lien.

APPEAL by the plaintiff, Jacques Lebaudy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of December, 1916, fixing the lien of the respondent, plaintiff's former attorney, at the sum of $6,730.

*Edwin T. Murdoch,* for the appellant.

*Walter E. Ernst,* for the respondent.

PER CURIAM:

Petitioner has obtained a lien upon a fund now in the hands of the city chamberlain, the proceeds of a judgment recovered in behalf of the plaintiff in an action against the Carnegie Trust Company. The fund, not being in the petitioner's hands, is only subject to a charging lien of the attorney of record in the action in which the fund was recovered. (*Matter of Heinsheimer,* 214 N. Y. 361.) Of the lien established by the order appealed from, $5,060 was for moneys not due to the petitioner but to one Conner, an attorney living in Paris, not an attorney of record in the Carnegie Trust Company case. From the evidence it appears that this amount has not been paid by the petitioner to Conner, nor is the petitioner liable to Conner for any part of the same. To this extent, therefore, the lien would seem to be

unauthorized. In addition to this amount there is included in the final order $1,670, representing the balance of an account kept from the beginning of the relations between Olcott and this plaintiff, which included not only the services and disbursements in the Carnegie Trust Company matter, but in several other matters. Just what part of this amount represented disbursements in the case against the Carnegie Trust Company does not appear by the evidence.

The final order, therefore, must be reversed and the matter remitted to the referee to ascertain what part of these disbursements were incurred in the action of Lebaudy against the Carnegie Trust Company, for which amount the plaintiff is entitled to a charging lien, with costs to appellant to abide the final event. The fourth finding of fact by the referee to the effect that there is due from plaintiff to Olcott $6,730 for fees and expenses in this action is reversed.

Present — CLARKE, P. J., DOWLING, SMITH and PAGE, JJ.

Order reversed and matter remitted to referee as stated in opinion, with costs to appellant to abide event. Order to be settled on notice.