## HEREFORD v. MESERVE.

(Circuit Court of Appeals, Ninth Circuit. April 4, 1921. Rehearing Denied May 16, 1921.)

### No. 3541.

1. **Judgment ⬤⟶668(1)—Not conclusive on rights of nonresident, not named in complaint, though made a party by court's order.**

    A judgment *held* not conclusive on the rights of a nonresident, made a party by order of court and served with summons and copy of the complaint, but who did not appear, where he was not named in the complaint, and it contained no allegations that he was required to answer, or to give notice that his rights could be affected by the suit.

2. **Attorney and client ⬤⟶166(1)—Contract between joint attorneys for equal division of fees established.**

    Evidence *held* to sustain a finding by the trial court that an agreement was made between plaintiff and defendant, as joint attorneys in a suit, for equal division of any fees which should be awarded to them in the suit.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Action at law by Edwin A. Meserve against Frank H. Hereford. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank H. Hereford, of Tucson, Ariz., and W. N. Goodwin and Goodwin & Morgrage, all of Los Angeles, Cal., for plaintiff in error.

Paul H. McPherrin and Meserve & Meserve, all of Los Angeles, Cal., and Isadore Golden, of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The records and briefs in this case are voluminous, but the controversy lies within a narrow compass. It is a controversy between two attorneys concerning the division of an attorney's fee. Meserve, who was the plaintiff in the court below, resided in California, and Hereford, the defendant, resided in Arizona. The plaintiff had for a client one Zeckendorf, who employed him to go to Tucson, Ariz., to bring suit against the Silver Bell Copper Company and one Steinfeld, to compel Steinfeld to repay moneys which it was alleged he and others had taken from the corporation. The defendant, at the plaintiff's instance, was employed as associate counsel. The plaintiff and defendant agreed that each was to make his own arrangements with Zeckendorf as to fees to be paid by the latter, but that whatever fees might thereafter be allowed by the court as against the corporation, or the receiver thereof, should be shared equally. The litigation was protracted. There were two court allowances of fees for the attorneys, one of $50,164.99, and one of $10,000. Both fees were collected by the defendant. Of the first, he sent one-half to the plaintiff. When the second fee was received, the defendant applied $5,000 thereof to his own use, and deposited the remainder in a bank at Tucson to the order

of Zeckendorf, and immediately brought suit against Zeckendorf, and attached $3,500 of the money. Zeckendorf lived in New York. Later the plaintiff's name was added as party defendant in that action, and an alias summons was served on him in California.

The present action was brought to enforce the contract between the plaintiff and the defendant for an equal division of the fees, and to recover from the defendant the balance of the $10,000 fee alleged to be owing to the plaintiff. The case was tried before the court without a jury. The court found that the agreement between the plaintiff and the defendant was that all fees that might be allowed by the court to Zeckendorf should be equally divided between the said attorneys, and that this agreement continued without change until the end of the litigation; that the defendant received the $10,000 payment, and applied one-half thereof to his own use, and deposited the remainder in the bank to Zeckendorf's credit; that the appropriation of $5,000 to his own use by the defendant was in violation of the agreement; that the plaintiff was entitled to receive from the defendant $2,500 as his share of the said $5,000 so appropriated by the defendant; and that the defendant acted within his rights in paying the said $5,000 to Zeckendorf.

[1] The defendant contends that the matter involved in this action was adjudicated by the judgment of the superior court of Pima county, Ariz. In that action the defendant herein was plaintiff and Zeckendorf was the defendant. The complaint, in substance, alleged that the sum of $10,000 had been allowed Zeckendorf for the services "of this plaintiff, E. A. Meserve," that the plaintiff's service was reasonably worth $8,500, that he has received on account $5,000, and there still remained due and owing him $3,500. Judgment was demanded against Zeckendorf for $3,500. Thereafter the defendant herein filed in that cause an affidavit setting forth that Meserve should be made a party defendant, whereupon an order was made that he be made a party and served with summons and a copy of the complaint. The summons served on the plaintiff herein was a notice to appear and answer the complaint. The judgment rendered in that action can have no effect upon the present case. The plaintiff herein was not named in the complaint. There was no allegation in the complaint which he was called upon to answer. If it was true that Zeckendorf owed the defendant herein $3,500, as alleged, it was a matter wholly aside from the rights of the parties in and to the $10,000 fee, and was a matter in which the plaintiff herein had no concern. There was nothing in the papers which were served on him to give him notice that the defendant had received the $10,000 fee, or had deposited one-half thereof in a bank, or that he had attached $3,500 thereof, or that in the action the interest of the plaintiff herein in the $10,000 fee was in any way assailed.

[2] The principal question in the present case was whether or not the plaintiff and the defendant had made an agreement for an equal division of the fees. The court below found upon the evidence that such an agreement had been made, and that it continued in force throughout the litigation. The defendant presented a written request for certain findings in his favor. He now assigns as error that the

court denied those requests, and that the evidence was insufficient to justify the findings which were made. It is not assigned that there was no evidence to sustain the findings. The assignment that the evidence was insufficient to justify the findings does not avail to bring under review the evidence on which findings have been made by the court. But, if the evidence were properly here for review, it would amply sustain the findings of the court below. In fact, we do not see how the court's findings could reasonably have been otherwise than as they were. That there was an agreement for equal division of the fees was admitted by the defendant, when he sent to the plaintiff his one-half of the $50,000 fee and wrote:

"Inclosed please find my certified check for one-half of the amount paid me by the receiver on account of the judgment rendered for attorney's fees."

It is true that in that letter he also wrote that he felt that some new arrangement should be made in regard to fees—

"or you must come down here and attend to your part of the work. I expected you to say something in that regard when we put in our bill for the $10,000 additional fees; but, as you did not, I feel I must call your attention to it. There is no reason that I know of why I should do all the work and divide the fee. Nevertheless, I have divided the fee in the original case, because that was our agreement. With the other and subsequent fees in the case I think we should have an understanding or agreement, or put in bills to the court separately for the amount of work we have each done, and take our allowance as individuals."

In answer to that the plaintiff wrote the defendant, rejecting his proposition, and saying:

"Until this case is ended, the fees will be divided one-half and one-half. * * * So far as the Silver Bell Case is concerned, there is going to be no change in the arrangement now existing between us, namely, for a division of the fees, one-half and one-half."

There is oral testimony on the subject, but there is no convincing evidence that the original agreement was ever modified. The evidence was that the original employment of the defendant was made while he was a partner in the firm of Hereford & Hazzard. It is contended that the evidence was insufficient to sustain the court's finding that, when the firm was dissolved in the year 1905, the defendant succeeded to Hereford & Hazzard's obligations under the agreement with the plaintiff. But the record shows that Hazzard had nothing whatsoever to do with the litigation, except that the firm name was appended to papers. When Hereford divided the $50,000 fee, he made no question of his lack of authority as successor in the litigation to the former firm of Hereford & Hazzard. Nor was such difficulty found by him when apportioning to himself $5,000 of the $10,000 fee. On January 18, 1906, after the dissolution of the firm, the defendant wrote to the plaintiff saying that—

"Hazzard asked, as a matter of courtesy, that the firm name of Hereford & Hazzard be signed to the brief, together with your name, as he was a member of the firm at the time the appeal was taken."

It is contended that the agreement between the plaintiff and defendant was without consideration and was nudum pactum. In answer to this

it is sufficient to say that the case was one of mutual promises and that the contract was executed.

"Attorneys who jointly undertake to prosecute or defend a lawsuit are entitled, in the absence of any agreement to the contrary, to share equally in the compensation." 6 C. J. 754.

It has been held that in such a case as this the plaintiff and the defendant are special and limited partners, that in the absence of an agreement to the contrary they are entitled to share equally in the compensation, and that mere neglect on the part of one of them to perform services will not amount to an abandonment of the contract. Henry v. Bassett, 75 Mo. 89. See, also, Owen v. Dudley, 217 U. S. 488, 30 Sup. Ct. 602, 54 L. Ed. 851, Comstock v. Baldwin, 125 Minn. 357, 147 N. W. 278, McGee's Estate, 205 Pa. 590, 55 Atl. 776, and Aycock v. Baker (Tex. Civ. App.) 60 S. W. 273.

The defendant presents other contentions, all of which we find without merit, and of such a nature as not to require discussion. For example, it is urged that the complaint should have been dismissed for variance between allegation and proof, in that the complaint alleged that, after the plaintiff had been engaged in the litigation as attorney for Zeckendorf, the plaintiff employed the defendant as an attorney to assist him, whereas the proof was that the defendant was employed by Zeckendorf in the plaintiff's presence. Such a variance was wholly unimportant, and it was properly disregarded by the court below. It was immaterial whether the defendant was engaged by Zeckendorf or by Zeckendorf's attorney. The fact was that he was engaged and that he rendered the service. The present litigation concerns only the division of the fees that were to be received as ordered by the court in that litigation.

We find no error. The judgment is affirmed.