ANTHONY E. LANGDON, APPELLEE, v. KENNEDY, HOLLAND, DELACY & MCLAUGHLIN, APPELLANT.

FILED MARCH 28, 1929. No. 26415.

*Kennedy, Holland, DeLacy & McLaughlin, pro se.*

*S. L. Winters, contra.*

Heard before GOSS, C. J., GOOD, THOMPSON and DAY, JJ., and HASTINGS and REDICK, District Judges.

HASTINGS, District Judge.

This action is a controversy between attorneys over the

division of a fee. The defendant collected the amount of the fee due under a contract for a contingent fee and retained two-thirds of the fee and paid the remaining one-third to the plaintiff as his share. Plaintiff claimed he was entitled to an equal division of the fee and commenced this action in the county court of Douglas county to recover the difference. Judgment was rendered in that court in favor of the plaintiff and appealed to the district court by defendant. In that court plaintiff filed a motion to strike out certain parts of the answer of defendant on the ground that same changed the issues from what these were in the lower court. The motion was sustained. Thereupon, plaintiff filed a demurrer to the answer of defendant, stating as ground therefor that the answer failed to state facts sufficient to constitute a defense to plaintiff's cause of action. The demurrer was sustained, and, defendant refusing to plead further, judgment was entered in favor of the plaintiff for the full amount claimed. Defendant appeals.

It is first contended that the trial court committed error in sustaining the motion to strike out certain parts of the answer, and, second, in sustaining the demurrer to the answer.

The motion to strike was sustained to that part of defendant's answer which alleged, in substance, that defendant advised plaintiff of his intention to claim two-thirds of the fee and that plaintiff made no objection thereto, but permitted the defendant to brief and argue the case on appeal and brief and argue two motions for rehearing, and that by such conduct and silence on his part, when advised of the intention of defendant, plaintiff was thereby estopped from claiming a 50 per cent. division of the fee. An examination of the answer in the county court shows that nothing of this kind was alleged. If the new allegations of the answer in the district court were sufficient to plead an estoppel, then it presented a change of the issues from what these were in the county court, and the ruling of the trial court striking out such allegations

was right; if the allegations were not sufficient to allege an estoppel, then they present no defense to plaintiff's cause of action and no prejudice resulted in their being stricken from the answer.

The remaining question involved is: Was error committed in sustaining the demurrer to the answer?

The allegations of the petition, so far as they are material to the solution of the question presented, are: That on the 7th day of January 1919, plaintiff entered into a contract with one John Mercer whereby plaintiff agreed to represent Mercer as his attorney in an action to recover damages for personal injuries against the Omaha & Council Bluffs Street Railway Company, of Omaha, Nebraska; that under the terms of said contract plaintiff was to receive from Mercer 40 per cent. of any sum recovered from said street railway company; that after plaintiff and said Mercer entered into said contract plaintiff, as agent and attorney for said Mercer, engaged defendant firm, a copartnership, to assist plaintiff in representing said Mercer; that suit was filed in the district court for Douglas county by Mercer against said street railway company and prosecuted to judgment, which judgment, on appeal to the supreme court was reversed and remanded.

Plaintiff further alleged that, on or about the time of the beginning of the second trial of said suit in the district court, plaintiff and Yale C. Holland, acting for said partnership, entered into an oral agreement whereby said plaintiff and said defendant were to share equally whatever was recovered or obtained in said suit on said contract between plaintiff and Mercer.

The allegations of the answer of defendant, so far as they are material, admit the contingent fee contract between the plaintiff and Mercer; admit that plaintiff employed the defendant to prosecute the action named in his petition to final judgment, and that the second trial of said case resulted in a verdict and judgment for $7,500, which amount with interest and costs was ultimately collected by defendant, and that the fee which attorneys for

plaintiff in that action was received was approximately
$3,600. The defendant specifically denied that defendant
ever, at any time, through Yale C. Holland or any other
member of the firm, entered into any agreement with plain-
tiff, oral or in writing, whereby plaintiff and defendant
were to share equally in the fee, but, on the contrary,
alleged that there was at all times an implied understand-
ing that, if successful in winning said lawsuit, defend-
ant's share of the fee would be commensurate with its
efforts and the results obtained and the service rendered,
and that it would be what the services were fairly and
reasonably worth. Defendant further alleged that it did
all the work in preparing the case for trial, filing of plead-
ings, conducted both trials in the district court, argued
the motions for new trial, prepared briefs in both appeals
and in motions for rehearing; that defendant did all the
work, and that the time expended thereon amounted to
more than 26 full days, and that the plaintiff was of
no assistance whatever, either in the preparation of the
case or the trial thereof or the presentation thereof to
the supreme court. Defendant alleged that its services in
said case were fairly and reasonably worth the sum of
$2,500, and that a division of the fee in the proportion
of one-third to plaintiff and two-thirds to defendant was
more than fair and reasonable to the plaintiff under the
circumstances. Defendant further alleged that the cus-
tom and practice in such cases, where the forwarding
attorney contributes no more to the case than did plain-
tiff in this instance, is for the forwarding attorney to
receive one-third and the trial attorneys two-thirds of the
fee, and that there was an implied agreement that the de-
fendant was to receive the latter amount in the event
of the successful outcome of the suit. Defendant for fur-
ther answer denied all the allegations of plaintiff's peti-
tion not admitted.

The demurrer to the answer admitted the truth of the
facts well pleaded, but not the averments of legal conclu-
sions therein.

The only construction to be placed upon the allegations of the answer are: That plaintiff and defendant, if successful in winning the lawsuit, were to share in the fee that would be obtained under plaintiff's contract with Mercer; if not successful, they were to have no fee.

Under this construction of the pleadings, plaintiff and defendant were engaged in a joint adventure and occupied a special partnership relation and, it not appearing from the facts alleged in the answer that there was any agreement as to how the fee was to be shared by the parties, if successful, the law requires that they share equally in the distribution. In the case of *Jones v. Thomas*, 106 Neb. 635, it was held by this court: "Where several attorneys engage in the prosecution of litigation for a contingent fee, in the absence of any other agreement, they will be held, upon the successful result of the suit, to share equally in the distribution of the fee." See *Underwood v. Overstreet*, 188 Ky. 562, 10 A. L. R. 1352; *Gill v. Mayne*, 162 N. W. (Ia.) 24; *Henry v. Bassett*, 75 Mo. 89; *Senneff v. Healy*, 155 Ia. 82, 39 L. R. A. n. s. 219; *Robarts v. Haley*, 65 Cal. 397; *Ford v. Freeman*, 40 Cal. App. 221; *Hereford v. Meserve*, 272 Fed. 353. The rule is based upon the theory that attorneys so prosecuting litigation for a contingent fee are engaged in a joint enterprise or joint adventure and occupy a special partnership relation. Where such a relationship exists a partner— "Has no right by implication to claim anything extra by reason of any inequality of services rendered by him, as compared to those rendered by his copartners. The reason for this rule lies in the fact that each partner in taking care of the joint property is practically taking care of his own interest and is but performing his own duties and obligations growing out of the partnership. Furthermore, the relative value of the services rendered by the several partners of a firm cannot be estimated and equalized, for it is impossible to see how far the relative knowledge, skill and ability of each enter into the adjustment of the terms of the contract. The courts therefore usually decline to look into

the question as to which partner has performed the more onerous duties or as to whether one has been more skilful or more industrious than the other. And a partner is not entitled to claim compensation for his services in business without a special contract therefor, although he attends almost exclusively to the business." 20 R. C. L. 877, sec. 90. See *Consaul v. Cummings*, 222 U. S. 262; 15 R. C. L. 502, sec. 4; 33 C. J. 860, 861, secs. 65-67.

The defendant concedes the correctness of the rule announced, but insists that such rule only applies where there is a joint contract between attorneys and their client to prosecute a case for a contingent fee, and contends that the rule does not apply where one attorney is so employed by the client and then employs another attorney to assist him in the prosecution of the litigation. Defendant argues, where no agreement is made as to what fee shall be received by the attorney employed to assist, that such attorney is entitled to the fair and reasonable value of his services from the attorney so employing him. This would be true if the sole relation existing between such attorneys was that of employer and employee, but here, under the pleadings, we have a different situation, as already disclosed. We see no reason why an attorney who has been retained to prosecute a claim for a contingent fee cannot employ another attorney to assist him, with the understanding that the attorney employed is to share in the contingent fee, if successful, and, if not, he is to receive nothing for his services. Such arrangement establishes between them the relation of joint adventurers or special partners, the same as if they had been retained by a common client on a contingent fee. In 33 C. J. 845, sec. 11, it is said: "An agreement by an attorney who has been retained to prosecute claims on a contingent fee to share the fee with another lawyer who is employed to act as counsel in the litigation establishes between them the relation of joint adventurers, and not of employer and employee."

There is an attempt in the answer to plead a custom. In this regard it was alleged that the custom and practice in such case, where the forwarding attorney contributes no more to the case than the plaintiff did in this instance, is for the forwarding attorney to receive one-third and the trial attorneys two-thirds of the fee, and that there was an implied agreement that defendant was to receive the latter amount in the event of the successful outcome of the suit. In 17 C. J. 518, sec. 81, the following is stated to be the rule:

"Where it becomes necessary to plead a custom or usage, all the essentials requisite to its validity and binding effect must be averred. Hence, the pleading should either aver knowledge on the part of the person to be charged or allege facts authorizing the conclusion that it was of such general notoriety that he will be presumed to have knowledge. So, an allegation of a custom must show that it is general and uniform, and that it has been recognized for a long period of time. A usage is not sufficiently pleaded by a single averment that it has been constantly and uniformly recognized and abided by in a certain city in similar cases."

The allegations in defendant's answer seem to fall far short of pleading a custom. The claim was not forwarded or sent by plaintiff to defendant for recovery within the meaning of the custom attempted to be pleaded. The relations existing were entirely different. The pleadings disclose that a special partnership relation existed whereby plaintiff and defendant were to share in the division of a contingent fee without agreement as to how the fee should be divided, and in such cases the law fixes what the division shall be. The custom attempted to be pleaded constitutes no defense to plaintiff's cause of action.

The allegations of defendant's answer which are admitted to be true by the demurrer show that it was due to the skill and services performed by defendant that a favorable result was obtained for the client. Under the circumstances the conscience of the plaintiff should have

intervened and defendant been allowed to keep, of the fee collected, a sufficient amount to recompense defendant for its valuable services, but there seems to have been no such intervention of conscience, hence, this lawsuit. We conclude, notwithstanding the outstanding services performed, that the facts alleged in defendant's answer constitute no defense to plaintiff's cause of action, and that the trial court committed no error in sustaining the demurrer and entering judgment in favor of the plaintiff.

It is therefore ordered that the judgment of the trial court be and the same is hereby

AFFIRMED.