LILLIAN E. MEACHAM v. BALLARD & COMPANY AND ANOTHER.
CLARK R. FLETCHER AND OTHERS, APPELLANTS.[1]

March 28, 1930.

No. 27,770.

*Clark R. Fletcher, W. A. McDowell,* and *George S. Grimes,* pro se.
*George W. Peterson,* for respondent.

STONE, J.

This case comes to us with no issue between the parties but solely by reason of a disagreement among the attorneys for plaintiff over

[1]Reported in 230 N. W. 113.

the disposition of an agreed fee. The case was settled by defendants' payment to plaintiff of $30,000, $10,000 of which was retained by three of plaintiff's attorneys, Clark R. Fletcher, W. A. McDowell and George S. Grimes. Plaintiff concedes her liability to pay a total fee of $10,000, and her attorneys on their part concede that she is liable for no greater sum. The trouble arises because A. Enkema, claiming to be a fourth attorney for plaintiff, insists that he is entitled to a part of the $10,000 fee and in the court below instituted summary proceedings to enforce his alleged right. With such proceedings pending and undetermined, plaintiff herself filed a petition setting up the controversy among her attorneys and stating that it was desirable to have their "adverse claims * * * settled and determined herein" so as to avoid a multiplicity of actions. Among other things she prayed that the sum of $10,000 retained by Fletcher, McDowell and Grimes be impounded for distribution and payment to her attorneys by order of the court. August 20, 1929, an order was made which granted plaintiff leave to file her petition, gave the attorneys 20 days within which to answer, and provided that pending the hearing and until the further order of the court the attorneys Fletcher, McDowell and Grimes, who had gotten the $10,000 fee, should turn over to plaintiff one-third thereof, which it had apparently been concluded was all that Enkema in any event could claim, "upon condition however that said Lillian E. Meacham, [plaintiff] shall concurrently give * * * security * * * in form to be approved by the court, conditioned to repay to said" Fletcher, McDowell and Grimes the sum impounded on determination by the court that they or any of them "are entitled thereto, and have a valid lien thereupon." From that order the attorneys Fletcher, McDowell and Grimes appeal.

We are of the opinion that the motion made by plaintiff as respondent to dismiss the appeal should be granted. The object of plaintiff's proceeding is to protect herself from embarrassment and possible loss because of the controversy between her attorneys. She ought to be so protected. The proceeding is of the kind contemplated by statute. G. S. 1923 (1 Mason, 1927) § 5696, provides that among other things the court may "summarily inquire into and

determine the facts upon which the lien claim" of attorneys is founded and, as a condition of requiring an attorney to make delivery of any money or papers to the person from or for whom he has received them in the course of his professional employment, may "require the client to give security, in form and amount as directed, to satisfy the lien when determined." As already indicated, proceedings are under way below, if they have not already terminated in judgment, to determine the issue as between plaintiff's attorneys.

Appeals from the district court to this court are statutory. G. S. 1923 (2 Mason, 1927) § 9498. The order from which this appeal is attempted is not one, within subd. 5 of that section, which "determines the action, and prevents a judgment from which an appeal might be taken." Nor is it, within subd. 7, "a final order, affecting a substantial right, made in a special proceeding." It does not involve the merits of the action or any part thereof within subd. 3. If appealable, it is because it is "an order granting or refusing a provisional remedy" within subd. 2. We do not think it can be so considered. No temporary or provisional remedy is granted to anybody. Such an order is no more one granting a provisional remedy and so appealable than is an order in a divorce action providing for the custody of minor children pendente lite, and such an order is not appealable. Brunn v. Brunn, 166 Minn. 283, 207 N. W. 616. The court is exercising its inherent power over its attorneys in the manner provided by statute. The order in question simply impounds in the custody of the client some money which has been paid by the client to the attorneys and which the attorneys claim, at the same time (as authorized by statute) requiring "the client to give security." In that situation we are not at all concerned with the question whether it was within the court's jurisdiction to make the order or whether it was erroneous otherwise. It is simply not an order which under the statute is appealable. In consequence the appeal must be dismissed.

So ordered.