# LILLIAN E. MEACHAM v. BALLARD & COMPANY, INC. AND ANOTHER.
## A. ENKEMA, LIEN CLAIMANT.[1]

Nos. 28,487, 28,488.

June 19, 1931.

[1]Reported in 240 N. W. 540.

608

*Clark R. Fletcher, George S. Grimes,* and *Willis A. McDowell,* for appellants.

*L. W. Crawhall* and *D. L. Grannis,* for respondent.

*Junell, Oakley, Driscoll & Fletcher,* for appellant Fletcher.

*L. W. Crawhall* and *D. L. Grannis,* for respondent.

STONE, J.

This action comes here again (see 180 Minn. 30, 230 N. W. 113) on no issue between the parties. It was settled by defendants for $30,000 paid to George S. Grimes, one of plaintiff's attorneys. Thereafter A. Enkema, claiming to be one of counsel for plaintiff, asserted a lien. The resulting issues arise solely between Enkema and Grimes. The decision below sustained the contentions of Mr. Enkema. The appeal from the resulting judgment is in the names of both plaintiff and defendants but is prosecuted on behalf of Mr. Grimes. Other attorneys may be interested with him, but it will serve convenience to discuss the facts as though he were the only party adversary to Mr. Enkema.

The agreed fee to be paid by plaintiff to cover the services of all her attorneys was $10,000. That money is in the hands of Mr. Grimes. It was found below that Mr. Enkema was entitled to one-third of it, with interest, less $666.66 "being one-third of the value of the services" of Mr. Clark R. Fletcher, another attorney who for a time had been associated as counsel for plaintiff.

Plaintiff sued as a stockholder in defendant Ballard & Company, Inc. Her purpose was to rescind the purchase of stock in that company and recover what she had paid for it. Originally she employed Enkema alone. He first retained to assist him the law firm of Allen & Fletcher, of which Mr. Clark R. Fletcher is a member. What they did is now immaterial, but by letter under date of December 3, 1926, Messrs. Allen & Fletcher assured Mr. Enkema that he would "receive one-half" of any fee received by them from plaintiff. Not much progress seems to have been made for plaintiff before December 6, 1927. On that day plaintiff wrote a letter to Enkema and Allen & Fletcher in terms revoking their agency for her and demanding the return of her papers. On the same day, there is evidence, denied by Mr. Grimes, that the latter prepared, in letter form, an agreement whereby plaintiff employed him, Grimes, to "take" her suit against defendants and agreed to pay him as his fee one-third of the amount collected. Both the letter and agreement of December 6, according to the evidence for Enkema, were the result of prearrangement between him and Grimes that Grimes should come in and take active charge of the case, but that Enkema was not to be actually discharged but should remain as associate counsel and be entitled to one-third of the total fee when and if collected. Mr. Grimes denies any such agreement, but the findings are against him. That Mr. Enkema first secured plaintiff's retainer is not denied. He claims to have done much valuable work on plaintiff's case both before and after the retainer of Mr. Grimes.

Citing Brown v. City of New York, 9 Hun, 587; Weinstein v. Seidmann, 173 App. Div. 219, 159 N. Y. S. 371; Lebaudy v. Carnegie Tr. Co. 178 App. Div. 614, 165 N. Y. S. 566, affirmed, 222 N. Y. 525, 118 N. E. 1065; Kennedy v. Carrick, 18 Misc. 38, 40 N. Y. S. 1127; Goodwin F. & C. Co. v. Eastman K. Co. (D. C.) 216 F. 831, appellants argue that inasmuch as Enkema was not an attorney of record he is not entitled to a charging lien in this case under our statute (G. S. 1923 [1 Mason, 1927] § 5695). That question we are not at liberty to decide, for so far as we can gather from the record

the point was not made below. It is not suggested by the pleadings in opposition to Enkema's claim of lien nor by objection or motion made at the beginning of the trial or at any other time. Even after the evidence was all in, there is nothing to suggest that the learned trial judge was asked to rule on it. If there is any record to the contrary which we have overlooked, appellants do not refer to it in their brief as they should. The burden is always upon appellants to show error. It is but a corollary that theirs is the burden also to show explicitly that any point upon which they rely for reversal was covered by the theory of trial and fairly presented to the court below for decision. Appellants must abide here by the theory upon which they tried the case below. D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766.

■ These attorneys have voluntarily litigated fact issues before a court competent to decide them and must abide the result. If Mr. Enkema's contention be sustained, and it was below, he and Mr. Grimes, from December 6, 1927, on were engaged in a joint adventure. Langdon v. Kennedy, Holland, DeLacy & McLaughlin, 118 Neb. 290, 224 N. W. 292, 63 A. L. R. 896. It was there held that when attorneys engage in the prosecution of a case for a contingent fee they are joint adventurers occupying a "special partnership relation," and that in the absence of agreement otherwise they share equally in the fee if they are successful. Here Mr. Enkema's claim of a special agreement for one-third made the fact issue below. It was sustained against the opposing claim and evidence for Mr. Grimes. The evidence, we regret, was in irreconcilable conflict. We cannot say that the decision was against the manifest and palpable weight of it.

■ The other points made for appellants require no separate discussion. Inter alia they question the order bringing in Mr. Fletcher and his firm and valuing his services at $2,000. In that connection it is complained that there is undisputed evidence that there was a contract between Messrs. Fletcher and Grimes whereby Fletcher was to "receive one-third of the stipulated attorneys' fees." It was but good sense to order in as parties Mr. Fletcher and his

partners in order that there might be an end of the matter. That Mr. Fletcher was entitled to share in the $10,000 fee no one denies. If as between Grimes on the one hand and Allen & Fletcher on the other the latter firm was entitled to one-third of the fee, Mr. En-kema was not party to the contract that produced that result. It did not lessen his right under his agreement with Mr. Grimes, established by the decision below, to his share of the compensation.

Judgment affirmed.

## APPEAL OF CLARK R. FLETCHER.

### No. 28,726.

#### AFTER REARGUMENT.

On January 29, 1932, the following opinion was filed:

STONE, J.

Our former opinion shows generally the relation of Mr. Clark R. Fletcher to this case. He was not formally a party to that appeal, but has since appealed from the judgment. We have allowed a reargument of the issues passed upon in our former opinion so as to reconsider the whole case on Mr. Fletcher's appeal. The original lien claimant and respondent, A. Enkema, having departed this life in the meantime, Mrs. Nellie Enkema, the executrix of his estate, has been substituted in his stead as lien claimant and respondent.

In our former opinion we declined to pass upon the question whether an attorney not of record was entitled to a lien. Our refusal was put upon the ground that the point had not been made during the trial below. If in fact it had been, counsel failed, when the case was here before, to make their printed record disclose the fact. On Mr. Fletcher's appeal it is made to appear that at the opening of the trial there was an objection by appellants to the taking of any evidence upon the ground that Mr. Enkema was not and never had been "an attorney of record in this case." The objection of course was broad enough to raise the point, but we are still of the opinion that it was not pressed below nor much thought

of until the first appeal here. But waiving all that, we have considered and decide the question on its merits.

The cases cited for respondent, which appear in subdivision one of the former opinion, do not involve a statute so broad as ours, G. S. 1923 (1 Mason, 1927) § 5695, under which "an attorney has a lien for his compensation whether the agreement therefor be express or implied." The following enumeration of the things upon which the lien may be impressed contains nothing to indicate that attorneys of record are the only beneficiaries. On the contrary, the statute all the way through is cast in such general language as to indicate no such intention. In consequence, we hold that an attorney who has rendered services in an action, although not of record therein, is entitled to the benefit of the statute. Cunningham v. Sizer Steel Corp. (D. C.) 1 F. (2d) 653; and Rinaker v. American B. & M. Co. 198 Ill. App. 252. See also Jackson v. Clopton, 66 Ala. 29; Smith v. Wright, 153 Mo. App. 719, 134 S. W. 683; 6 C. J. 787.

■ Our reconsideration of the case has not enabled us to conclude that the decision below of the fact issues should be disturbed, except for the minor modifications hereinafter made. The reargument has dealt mostly with such issues. The decision below determining Mr. Enkema's share of the fee has enough of evidence in its support to make it improper for us to disturb it.

Mr. Fletcher claims under a contract made with Mrs. Meacham on the procurement of Enkema, entitling him to one-third of the recovery. Thereafter, some of the evidence indicates, Mr. Fletcher was discharged by Mrs. Meacham. She had the right to discharge him, even without justification. Lawler v. Dunn, 145 Minn. 281, 176 N. W. 989. That he was actually discharged is denied by appellants, who claim that he continued to render services after his alleged discharge.

It ought not to be necessary, but seems so in this case, to repeat that it is not for us to determine fact issues. The decision below goes on the theory that when Mr. Grimes came into the case he obligated himself to see that Mr. Fletcher was justly compensated.

That result the learned trial judge sought to accomplish. His jurisdiction in the premises cannot be denied. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 666. We cannot say that the decision is manifestly and palpably against the evidence, and so should not reverse. Charest v. Bishop, 137 Minn. 102, 162 N. W. 1063.

But the reargument has shown the decision wrong in some minor aspects. Mr. Enkema was paid $300 by Mrs. Meacham herself. The amount allowed Mr. Enkema's estate should be reduced by that amount. It should go back to Mrs. Meacham because the $10,000 withheld from the $30,000 paid in settlement of the case was to cover all attorneys' fees chargeable to her. The Enkema claim should be further reduced by $75 and that amount credited to Mr. Fletcher. The latter advanced that amount to Enkema for expenses, but it does not appear that he used it for that purpose. Mr. Fletcher should also be credited with $61.73, which is the total of miscellaneous items of expense paid out by him, and that amount charged to Mr. Grimes and Mr. McDowell.

With these modifications, the judgment is affirmed.

