[No. 25979. Department Two. April 29, 1936.]

DAISY BRAUNS, *as Administratrix, Respondent,* v. MARY HOUSDEN *et al., Appellants.*[1]

[1]Reported in 56 P. (2d) 1313.

150

*Schwellenbach & Gates, Hartman & Hartman, Hughes & Hughes,* and *Charles R. Sargent,* for appellants.

*Fred Kemp* and *Sam M. Driver,* for respondent.

HOLCOMB, J.—Respondent, as administratrix, brought this suit for damages on account of her husband's death.

Brauns left Wenatchee a little after dark on November 9, 1934, to return to his home at Entiat, traveling northward on the main Wenatchee-Entiat highway. When he reached a point a short distance south of the Orondo ferry landing, he met a truck with its lights undimmed and burning brightly. Almost instantly thereafter, he collided with the rear of appellants' Studebaker sedan, headed north, which was standing on the easterly side of the paved portion of the highway in about the position a car would normally be in if being driven and moving. Brauns died the next day from the injuries sustained in the collision.

The night was dark, and while not raining at the time of the accident, it had rained earlier in the evening. The highway was surfaced with what is commonly known as "black top" or a hard oiled surface paving 18.2 feet in width. At the place of the accident, there was a firm and substantial graveled shoulder about 3.9 feet in width on the easterly side of this paved strip. On the east of the shoulder, the ground slopes off into a shallow ditch twenty-two inches deep.

The Studebaker car was in charge of and then being driven by Mary Housden, a relative of Mrs. Isenhart, who was also in the car, which had five passengers. Although appellants contend otherwise, the evidence on behalf of respondent was ample and substantial that the Isenhart car, at the time of the

accident, was standing wholly upon the paved portion of the highway.

There was some conflict in the statements made by the Isenharts and Mrs. Housden as to what caused them to stop and whether or not they were wholly on the pavement, or about two feet off to the right. Mrs. Housden, in a statement to two deputy sheriffs four days after the accident, stated they had stopped the car on the highway because it was out of gasoline. At the trial, Mrs. Isenhart and one of the other passengers with her testified that the car was stopped because sparks were coming out of the exhaust and they thought it was on fire. After the car was stopped, the driver stepped out, bent down and looked under the car to see what was the trouble and found no fire. A few minutes later Miss Elliott, one of the passengers, started the motor and idled it for a short time. It was thus proven that the car was not disabled, that the motor would run, and that appellants could have driven the car onto the graveled shoulder on the easterly side of the pavement. The failure so to do, under the circumstances, makes it much more than a scintilla of evidence that it was because of their negligence decedent collided with their car from the rear.

Appellants contend that decedent was guilty of contributory negligence, pleaded as an affirmative defense, as a matter of law, in not seeing the Isenhart car on the highway, even though it was fully on the paved portion of the highway, because their undisputed evidence showed the two head lights, three dome lights and the tail light were all burning.

Respondent's evidence showed that two young men, who were driving their truck in a southerly direction at about thirty miles an hour, almost immediately after passing the Isenhart car standing on the paved

portion of the highway, met the car driven by Brauns. They testified Brauns was so close to the Isenhart car, when they met him, an accident was imminent, one of them so remarking, and it happened almost at once.

An expert witness for respondent, whose expertness was not only admitted but praised by counsel for appellants, said that, in such a situation, there would be a moving "blind spot" extending over a distance of between forty and eighty feet after Braun's car had met the truck.

The undisputed evidence is that the lights of the truck were burning brightly, undimmed, and not tilted downward when Brauns met it and that, under these circumstances, Brauns would be unable to see a car ahead on the highway.

Brauns' car left tire marks on the pavement twenty-five feet in length, which angled west toward the center of the highway, indicating that he became aware of his danger when about twenty-five feet from the rear of the Isenhart car and applied his brakes, attempting at the same time to swerve to his left. The fact he did almost succeed in bringing his car to a stop is evidenced by the superficial damage to the Isenhart car and the evidence that none of the five passengers in that car were injured.

The presumption, in the case of the death of the actor, is of course that he used due care. The recited facts tend to corroborate the presumption instead of contradicting it. See *Reinhart v. Oregon-Washington R. & N. Co.,* 174 Wash. 320, 24 P. (2d) 615; *Smith v. Seattle,* 178 Wash. 477, 35 P. (2d) 27; *Gaskill v. Amadon,* 179 Wash. 375, 38 P. (2d) 229; *Karp v. Herder,* 181 Wash. 583, 44 P. (2d) 808.

There was thus credible and competent evidence, in

addition to the presumption of due care, that Brauns was not guilty of contributory negligence.

We have examined all of the instructions given and consider that every conceivable, valid theory upon which any defense could be presented on behalf of appellants was therein given to the jury. The trial court carefully preserved all of the rights of appellants. Conceding that the very general exceptions taken by appellants were sufficient under our rule and the decisions in *Kelley v. Cohen,* 152 Wash. 1, 277 Pac. 74, *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921, and *Slattery v. Seattle,* 169 Wash. 144, 13 P. (2d) 464, none of the instructions was erroneous.

We believe that appellants were given an eminently fair trial, that the verdict was supported by competent and sufficient evidence, and the judgment must be affirmed.

It is so ordered.

MILLARD, C. J., MAIN, BEALS, and BLAKE, JJ., concur.