ADDISON C. THORNE and Others, on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf of BRAND'S RESTAURANT CONTROL CORPORATION, Respondents, v. H. RUSSELL BRAND and Others, Defendants, and BRAND'S RESTAURANT CONTROL CORPORATION, Appellant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 771.] The following question is certified: Was the service of the summons and complaint as herein made on the Secretary of State of the State of New York on November 13, 1936, valid and authorized pursuant to section 216, paragraph e, of the General Corporation Law? Leave to the appellant to answer is extended pending the determination by the Court of Appeals. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

JOSEPH B. CLARK, Respondent, v. R. McCLINTOCK ROBINSON and WILLIAM A. ROBINSON, Copartners Doing Business under the Firm Name and Style of ROBINSON, GRESSER & ROBINSON, Appellants.— Interlocutory judgment directing the the defendants to account before an official referee reversed on the law, with costs, and complaint dismissed, with costs, without prejudice to an action at law for damages. The action is between attorneys for an accounting of fees received by defendants from former clients of plaintiff pursuant to an agreement to pay him a commission or forwarding fee of one-third of the gross fees received by defendants from the law business of such clients handled by defendants. Some of the fees collected by defendants were for services rendered to the executors of the Clark estate, which plaintiff could not represent because of his conflicting and adverse interest. The balance of the fees collected by defendants was for services rendered to one of the executors personally and to his estate, which services could not be rendered by plaintiff because he had retired from the practice of the law owing to ill health. Plaintiff admits that his professional connection with these clients terminated after he had recommended them to defendants and that thereafter he expected to render no legal services to them and, in fact, did not. He expected to share only in the fees and not in defendants' responsibilities as attorneys. Under such circumstances, where plaintiff contributed neither money nor property, nor rendered services in the promotion of a joint enterprise or undertaking, he was not a joint venturer and he had no proprietary interest in the profits. A mere agreement to pay compensation measured by a percentage of profits or income raises no equitable issue even though confidence and trust may have motivated one or both of the parties to enter into the agreement. Hence, plaintiff is not entitled to an accounting in equity but is relegated to an action at law for damages for the alleged breach of the agreement by defendants. In our opinion plaintiff would not be entitled to share in the fees collected by the defendants for services rendered to the Clark estate. Such an agreement would be against public policy and unenforcible. Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.