[No. 26939. Department Two. June 2, 1938.]

DAISY BRAUNS, *as Administratrix, Plaintiff,* v. MARY HOUSDEN *et al., Defendants.*

FRED KEMP *et al., Appellants,* v. DAISY BRAUNS, *as Administratrix, et al., Respondents.*[1]

*R. E. Young, Sam M. Driver,* and *Fred Kemp,* for appellants.

*D. A. Shiner* and *R. D. Kendall,* for respondents.

ROBINSON, J.—This controversy is an offshoot of an action brought by Daisy Brauns, as administratrix of the estate of August E. Brauns (*Brauns v. Housden,* 186 Wash. 149, 56 P. (2d) 1313), and is wholly con-

[1]Reported in 79 P. (2d) 981.

cerned with the division of fees among the attorneys who acted for plaintiff in that action.

August E. Brauns was killed in an automobile accident November 9, 1934. His widow, Mrs. Daisy Brauns, employed Alfred Gfeller, who had acted as attorney for the deceased for a number of years, to probate the estate and to bring a wrongful death action. Mr. Gfeller, who had become quite deaf and had not engaged in trial work for some time, with the consent of Mrs. Brauns and her son Barclay, arranged to have Mr. Fred Kemp assist him in the matter. On May 23, 1935, the previous oral understanding between the parties was reduced to writing as follows:

"Mrs. Daisy Brauns, Admx.,
"Of the Estate of A. E. Brauns
"Entiat, Washington.
"Dear Mrs. Brauns:

"This letter will serve as a memorandum of the understanding Mr. Gfeller and I have as to the fees in the case against Mary Housden and William Isenhart and wife to recover damages for you resulting from the automobile collision, causing the death of your husband last November. It is agreed that the fee shall be contingent upon recovery,—twenty-five per cent of the amount recovered, if recovery be made by way of settlement and compromise before trial of the case in the superior court; thirty-three and one-third per cent of the amount recovered by judgment or otherwise, if recovery be made after trial in the superior court. You to advance the actual court costs and necessary expense of trial.

"In the event an appeal becomes advisable or necessary, further fee to be mutually agreed upon at such time. . . .

"Respectfully submitted,
"Approved:              Alfred Gfeller & Fred Kemp
  "Daisy Brauns. .              By Fred Kemp"

The action was set for trial on June 19, 1935. Shortly before this, about June 1st, Mr. Sam M. Driver, again

with the consent of Mrs. Brauns, became one of the attorneys for the plaintiff. The trial resulted in a verdict and judgment for Mrs. Brauns in the sum of $20,575.37. The judgment was affirmed on appeal. *Brauns v. Housden, supra.* Five or six weeks after that opinion was filed and a few days before his death, Mr. Gfeller assigned to Mrs. Mary Beauvais all his interest in the attorneys' fees in the case.

In May or June, 1937, and after further litigation in the Federal court in an attempt to collect the judgment, Mrs. Brauns agreed to accept the sum of nine thousand dollars in satisfaction thereof. As Mrs. Beauvais had filed a notice of claim of attorney's lien as assignee of Mr. Gfeller and Messrs. Kemp and Driver had also filed their lien claims, the proceeds of the settlement were deposited in the registry of the court. The administrator of Mr. Gfeller's estate also made claim to whatever share Gfeller had in the attorneys' fees.

Issues were made up, and a trial was had, lasting for several days. At its conclusion on June 14, 1937, a judgment was entered to the effect that Mrs. Brauns should pay as attorneys' fees $2,888, plus $300 for additional services; one-third of $2,888, or $962.66, to be paid to Mrs. Beauvais as assignee of Alfred Gfeller; the other two-thirds, plus the $300, or $2,225.34, to be paid to Mr. Kemp and Mr. Driver. On the same day that the judgment was entered, Kemp and Driver withdrew their $2,225.34, and two days later Mrs. Beauvais withdrew the amount awarded to her. Kemp and Driver took this appeal, claiming that they were entitled to the entire sum.

We have, after careful consideration of the matter, concluded to deny the respondents' motion to dismiss the appeal and to decide the case on the merits.

It was the contention of Messrs. Kemp and Driver

that Mr. Gfeller abandoned and surrendered all interest in the case before the trial and consented to the substitution of Mr. Driver in his stead, and that they were therefore entitled to the whole of the attorneys' fees. Mrs. Beauvais contended that Mr. Driver was merely added as additional counsel. The case wholly turned on whether there was a withdrawal and substitution or simply an additional counsel added.

Mr. Kemp offered to testify that Mr. Gfeller definitely said to him that he wished to withdraw and authorized him to substitute Mr. Driver in his stead, with the understanding that Driver should be entitled to his share of the fees. The offer was refused upon the theory that the testimony was inadmissible under Rem. Rev. Stat., § 1211 [P. C. § 7722]. The exclusion of this evidence is assigned as error upon the following theory: It is said that Mr. Kemp was, in any event, entitled to one-half of the attorneys' fees, and that the controversy was entirely between Mr. Driver and Mrs. Beauvais as to the remainder; in other words, that Mr. Kemp had nothing to gain or lose in the action and was therefore not testifying "in his own behalf" as to a transaction with Mr. Gfeller. The appellants cite *Showalter v. Spangle,* 93 Wash. 326, 160 Pac. 1042, as authority sustaining their position.

If it were true that Kemp was undisputably entitled to one-half the fees, he might have testified on behalf of Driver without violating § 1211. But whether or not Kemp was entitled to one-half, was in issue; for, although there is no indication whatever that Driver claimed any part of Mr. Kemp's half, or even that he would accept it if awarded to him, all the parties were before the court and it was the court's duty and province to determine the proper legal division of the fund in the registry. If the trial judge adopted the theory of Mrs. Beauvais that Mr. Driver was simply added

as additional counsel, he might reasonably arrive at the conclusion that Kemp, Gfeller, and Driver were special partners and each legally entitled to one-third. It therefore does not follow that Mr. Kemp was not testifying on his own behalf; for, if he could show that Mr. Gfeller withdrew, he would be legally entitled to one-half.

The court found that Mr. Gfeller did not withdraw from the case, but that Mr. Driver was added as an additional attorney. There was a very sharp conflict in the evidence. That Kemp sincerely thought Gfeller withdrew and so informed Driver, is not open to question. There is a quantity of other evidence, some of it from disinterested witnesses, supporting the view that he did withdraw. On the other hand, there was no formal legal substitution, and there is much evidence to support the view that there was no actual substitution. We think it would serve no useful purpose to discuss the evidence in detail. In view of the sharp and fairly evenly balanced conflict, we must accept, as to this issue, the conclusion of the trial judge who saw and heard the witnesses.

The trial court, having found that Gfeller did not withdraw, was somewhat at a loss in arriving at a principle upon which his fee might be fixed. It was clearly apparent that Mr. Gfeller had performed but a small part of the enormous amount of work which the case required. The court finally awarded his assignee one-third of the fee, on the theory that Mr. Gfeller was a forwarder. The appellants contended in their briefs and upon oral argument that Gfeller was in no real sense a forwarder. Since the case was argued here, they have called our attention to additional authorities, and particularly to the case of *Clark v. Robinson*, 299 N. Y. Supp. 474, decided on November 5, 1937. They also called attention to a note appearing

in the February 1938 issue of the American Bar Association Journal, under the heading "Legal Ethics and Professional Discipline" entitled "Division of Fees with Another Lawyer for Referring Business Improper." This refers to a change made in the Canons of Ethics (Canon 34) of the American Bar Association at the 1937 meeting of the association.

In our opinion, after concluding that Mr. Driver was not substituted for Mr. Gfeller, but was merely added to the two attorneys already employed, it would have been a somewhat more fortunate disposition of the matter, and also a legally sound one, had the trial court made the division of the fees by invoking the rule applicable to special partnerships. Under that rule, Gfeller and Kemp were originally special partners, and in the absence of other arrangements each was entitled to one-half of the fee. When Mr. Driver was added (as found by the court), and without any agreement being made as to the division of the fees, the special partners became three in number and each became legally entitled to a third of the fee. *Langdon v. Kennedy, Holland, De Lacy & McLaughlin,* 118 Neb. 290, 224 N. W. 292, 63 A. L. R. 896. This case quotes from *Jones v. Thomas,* 106 Neb. 635, 184 N. W. 151, as follows:

" 'Where several attorneys engage in the prosecution of litigation for a contingent fee, in the absence of any other agreement, they will be held, upon the sucessful result of the suit, to share equally in the distribution of the fee.' " (Citing cases.)

A further quotation is made from that case as follows:

" 'Where such a relationship exists a partner—'Has no right by implication to claim anything extra by reason of any inequality of services rendered by him, as compared to those rendered by his copartners.' "

146

It is so held in *Underwood v. Overstreet,* 188 Ky. 562, 223 S. W. 152, 10 A. L. R. 1352. See, also, *Gill v. Mayne,* 162 N. W. (Iowa) 24, and the recent case of *Bailey v. Griggs,* 174 Okla. 90, 49 P. (2d) 695, and the many authorities therein cited.

As the application of the special partnership rule results in awarding the respondent the identical amount awarded by the trial court, the judgment appealed from is affirmed.

STEINERT, C. J., BEALS, MILLARD, and BLAKE, JJ., concur.