[No. 39489. En Banc. June 12, 1969.]

PACIFIC INDEMNITY COMPANY et al., Appellants, v.
FEDERATED AMERICAN INSURANCE COMPANY et al.,
Respondents.*

Guttormsen, Scholfield, Willits & Ager, by Jack P. Scholfield, for appellants.

Wayne Murray (of Murray, Dunham & Waitt), for respondents.

WEAVER, J.—This case presents a question of first impression in this state.

When two companies issue insurance policies covering the same occurrence that gives rise to a possible liability and *both* policies describe the coverage as being excess insurance over any other valid and collectible insurance, which insurance company shall bear the loss, if any?

*Reported in 456 P.2d 331.

Wendy J. Bundt, while driving an automobile with permission of the owner, William A. Farrimond, had an accident. A passenger in the other car sued both of them.

Plaintiff-appellant, Pacific Indemnity Company (hereafter referred to as Pacific) had insured Miss Bundt against liability arising from her use and operation of an automobile; but, if she was operating a car not owned by her, the policy provided that the company's coverage was only to be excess, after the exhaustion of any other coverage of valid and collectible insurance.

Mr. Farrimond, the owner of the car driven by Miss Bundt, was insured by Federated American Insurance Company (hereinafter designated Federated). The policy provided that the insurance extended to one driving Mr. Farrimond's car only to the extent that the coverage was in excess of any other valid and collectible insurance available.

Thus, we have two insurance policies applicable to the same occurrence, each insuring only in excess of other insurance.

In oral argument before this court, plaintiff-appellant's counsel pointed out that there are three possible solutions.

First: Enforce each contract as written. This merits only passing consideration. If literal effect were given to both "excess insurance" clauses of the applicable policies, neither policy would cover the loss and the result produced would be an unintended absurdity. 7 Am. Jur. 2d *Automobile Insurance* § 202, p. 545.

Second: Federated's insurance for Mr. Farrimond, being on his automobile, was "primary insurance" and must be exhausted before other "excess insurance" became liable. In support of this contention, appellant cites and discusses our decisions in *Safeco Ins. Co. v. Pacific Indem. Co.*, 66 Wn.2d 38, 401 P.2d 205 (1965), and *Western Pac. Ins. Co. v. Farmers Ins. Exch.*, 69 Wn.2d 11, 416 P.2d 468 (1966). To these we add *General Ins. Co. of America v. State Farm Ins. Co.*, 75 Wn.2d 200, 449 P.2d 391 (1969), decided after the instant case was argued in this court.

█ It is true that in all three cases we designated certain policies of insurance to be "primary insurance," not because they were on the specific automobile, but because each case was based upon a difference between policies. In *Safeco, Western,* and *General,* the dispute was between a "pro rata" clause and an "excess clause." Our designation of a pro rata clause insurance policy as being "primary insurance" when compared with an "excess insurance" clause, was not made for the purpose of designating all policies upon the automobile as "primary insurance"; but was designated "primary" because it became effective prior to the policy of "excess insurance." If we should accept the contention that the owner's policy (Mr. Farrimond's) is primary, we would be compelled to completely disregard the excess clause of that policy. There is no reason to give absolute effect to a provision in one policy while ignoring a similar provision in the other. Both clauses should occupy the same legal status.

We find no merit in appellant's second argument.

█ Third: The third possibility is, of course, the one adopted by the trial court; namely, that Pacific and Federated are legally obligated to the limits of liability of their respective policies on a pro rata basis; and if

the limit of liability coverage of said two insurance companies are equal, then the two companies shall share equally the cost of defense and discharge of the legal responsibility of the said Wendy J. Bundt arising out of said automobile accident on February 12, 1966, up to the limits of liability of each policy.

We find that the decision of the trial court—which we affirm—is in accordance with the general rule and weight of authority expressed in 7 Am. Jur. 2d *Automobile Insurance* § 202, p. 545:

[W]here two or more policies provide coverage for the particular event and all the policies in question contain "excess insurance" clauses—it is generally held that such clauses are mutually repugnant and must be disregarded, rendering each company liable for a pro rata share of the judgment or settlement, since, if literal effect were given to both "excess insurance" clauses of the applicable pol-

icies, neither policy would cover the loss and such a result would produce an unintended absurdity.

*Accord: Apportionment of liability between liability insurers each of whose policies provides that it shall be "excess" insurance,* Annot., 69 A.L.R.2d 1122 (1960).

The reason for the rule is well stated in *Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.,* 28 N.J. 554, 147 A.2d 529, 69 A.L.R.2d 1115 (1959):

> As applied to the facts of the present case, both policies provide that they shall be "excess" insurance. However, it is obvious that there can be no "excess" insurance in the absence of "primary" insurance. Since neither policy by its terms is a policy of "primary" insurance, neither can operate as a policy of "excess" insurance. The excess insurance provisions are mutually repugnant, and as against each other are impossible of accomplishment. Each provision becomes inoperative in the same manner that such a provision is inoperative if there is no other insurance available. Therefore, the general coverage of each policy applies and each company is obligated to share in the cost of the settlement and expenses. [Citing extensive authority.]

The remaining question for decision is an analysis of the policy limit method of proration. The method adopted by the trial court is only one of three possible solutions: (1) each insurer shares equally in the liability, regardless of premiums paid or policy limits; (2) liability is ascertained on the basis of the amount of premiums paid to each company; and (3) liability is prorated according to policy limits.

We find no merit in the first possibility. It would not seem to achieve an equitable result unless the policy limits are somewhat similar.

Although there is authority supporting the second possibility—proration in proportion to premiums paid—the weight of authority supports proration in accordance with policy limits. *See* Annot., 69 A.L.R.2d 1122, 1124.

The second possibility was rejected in *Cosmopolitan, supra,* the court saying:

> It is commonly known that the cost of liability insurance does not increase proportionately with the policy limits.

The cost of increased limits is relatively small when compared to the cost of minimum coverage. The manner of contribution urged by Continental has recently been rejected. *Insurance Co. of Texas v. Employers Liability Assur. Corp.*, 163 F. Supp. 143 (*D. C. S. D. Cal.* 1958). In that case the court prorated liability according to the premiums paid the respective companies. Although this latter test initially commends itself, *upon reflection it appears that unless the insureds are in identical circumstances, there are too many variables affecting the premiums to permit them to form an adequate basis for an equitable adjustment, e.g., fleet insurance.* [Italics ours.]

We conclude that the rule adopted by the trial judge is supported by the better reasoning. It promotes uniformity; it does not necessitate a case-by-case analysis of extrinsic factors behind policy rates. The companies are left with their contracts, as they themselves have made them.

The judgment is affirmed.

HUNTER, C. J., HILL, FINLEY, ROSELLINI, HAMILTON, HALE, and NEILL, JJ., and STAFFORD, J. Pro Tem., concur.