[No. 39366.   En Banc.   June 12, 1969.]

GREATER SEATTLE YOUTH FOR CHRIST, *Appellant,* v. COLONIAL INSURANCE COMPANY OF CALIFORNIA, *Respondent and Cross-appellant.**

*Reported in 456 P.2d 333.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts,* for appellant.

*Davies, Pearson, Anderson & Pearson,* by *Wayne J. Davies,* for respondent and cross-appellant.

WEAVER, J.—Plaintiff rented a truck from Truck Rentals, Inc. As part of the rental charge, plaintiff paid an insurance premium to defendant, Colonial Insurance Company of California. Insofar as material, the policy provided:

> The insurance under this policy shall be *excess insurance* over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise. [Italics ours.]

Plaintiff was also an insured of Pacific Indemnity Company under an automobile liability policy that provided:

> the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be *excess insurance* over any other valid and collectible insurance. [Italics ours.]

The policy limits of both policies are the same.

While being operated by plaintiff, the truck was involved in a collision that gave rise to an action against plaintiff. Plaintiff's tender of the defense to Truck Rentals, Inc., and to defendant Colonial was refused. Plaintiff settled the action and commenced this suit against Colonial for the *full amount* of the settlement, plus attorney's fees and costs. Pacific Indemnity Company is not a party to this action.

Plaintiff appeals from the judgment of the trial court allowing it judgment for one-half of the amount of the settlement, plus costs and attorney's fees.

When two companies issue insurance policies covering the same occurrence that gives rise to a possible liability and *both* policies describe the coverage as being excess insurance over any other valid and collectible insurance, which insurance company shall bear the loss, if any?

█ This precise question was discussed at some length and decided in *Pacific Indem. Co. v. Federated American Ins. Co.* 76 Wn.2d 249, 456 P.2d 331 (1969). We held that

the two excess insurance clauses were mutually repugnant and must be disregarded; and that each company was liable for a share of the judgment or settlement fixed by a pro rata division according to policy limits.

Plaintiff's judgment against defendant for one-half the amount of the settlement, plus attorney's fees and costs, is affirmed.

Defendant's cross-appeal is based upon an agreement between plaintiff and Truck Rentals, Inc. We find it without merit, for neither Truck Rentals, Inc., nor Pacific Indemnity Company is a party to this action.

Since neither plaintiff-appellant nor defendant-cross-appellant prevailed on its appeal, each shall bear its own costs on appeal.

It is so ordered.

HUNTER, C. J., HILL, FINLEY, ROSELLINI, HAMILTON, HALE, and NEILL, JJ., and STAFFORD, J. Pro Tem., concur.