[No. 780-1.    Division One—Panel 1.    July 10, 1972.]

PACIFIC INDEMNITY COMPANY *et al., Respondents,* v.
FEDERATED AMERICAN INSURANCE COMPANY, *Appellant.*

WILLIAMS, J., dissents by separate opinion.

*Murray, Dunham & Waitt* and *Wayne Murray,* for appellant.

*Guttormsen, Scholfield & Stafford* and *Jack P. Scholfield,* for respondents.

HOROWITZ, C.J.—This appeal involves the application of the formula for contribution between two automobile liability insurers who insure the same risk. The formula was laid down in a prior declaratory judgment suit between the insurers. *Pacific Indem. Co. v. Federated Am. Ins. Co.,* 76 Wn.2d 249, 456 P.2d 331 (1969).

At issue is the proper determination of the insurance policy limits of each policy issued by the insurers here insuring the same insured. The parties agreed that the determination should be made by motion and, in effect, on the basis of the record below. They make no different contention on appeal.

On February 12, 1966, Wendy Bundt was driving William Farrimond's car while Farrimond was giving her driving

lessons. The car collided with another car occupied by Hettie Rush and Harold and Marion Louise Pike. Hettie Rush sued Farrimond and Bundt, and Harold and Marion Louise Pike did the same. The precise nature of the damages claimed and the precise basis of liability are not shown by the record. The insurers settled each lawsuit against both Farrimond and Bundt and each insured was released from liability in each case. Federated contributed $6,000 and Pacific contributed $4,000 toward the Rush settlement. Each insurer contributed $1,250 toward the Pike settlement. The order appealed from states:

> [T]he parties intended and did in fact settle said cases on the theory and belief that if the Plaintiffs recovered judgment they would recover judgment against both Defendants; . . . and it was further the parties intention that said settlement would operate as a complete release and discharge of the liability or potential liability of Farrimond and Bundt in both cases.

Pacific also incurred $440 in attorney's fees in the Pike case for which Federated reimbursed Pacific $220. The insurers, in making these several payments, agreed that the payments would be made "without prejudice to the rights of [the insurers] as they might ultimately be declared in the pending Declaratory Judgment action . . ."

At the time of the accident, Federated had issued an insurance policy naming William Farrimond as the insured and covering Wendy Bundt as a permissive insured. Part of Federated's policy is in evidence; Pacific's policy is not. A supplemental showing was made, however. According to an affidavit filed on behalf of Federated, its policy insured Farrimond "with $10,000 bodily injury coverage for injury to one person, $20,000 bodily injury coverage to two or more persons . . ." The trial court treated the showing made as meaning that Wendy Bundt, as a permissive insured under Federated's policy, had the same insurance coverage as that provided for Farrimond. Federated does not contend otherwise. Pacific insured Wendy Bundt, its policy containing a limitation of liability for injury to one

person in the sum of $10,000. The record before us fails to show that Pacific insured Farrimond. In the declaratory judgment suit referred to and heretofore decided by the Supreme Court, Federated had not contended otherwise. Federated contended below, however, that Pacific's policy covered Farrimond, but there is no record support for that contention and the trial court did not accept it. The record does not show whether Pacific's policy, like Federated's policy, had a $20,000 overall limitation for injuries to two or more persons; or whether, like Federated's policy, Pacific provided property damage coverage of any kind. Nor does the record expressly show whether the Rush and Pike settlements included any amount for a possible claim for property damage to which Federated's property damage insurance coverage would apply.

Pacific later brought an action for declaratory relief which was ultimately disposed of in *Pacific Indem. Co. v. Federated Am. Ins. Co., supra.* In that case the court held:

> [T]hat Pacific and Federated are legally obligated to the limits of liability of their respective policies on a pro rata basis; and if
>
>> the limit of liability coverage of said two insurance companies are equal, then the two companies shall share equally the cost of defense and discharge of the legal responsibility of the said Wendy J. Bundt arising out of said automobile accident on February 12, 1966, up to the limits of liability of each policy.

76 Wn.2d at 251.

After the remittitur went down, Pacific filed a "Motion to Enter Judgment Pursuant to Declaratory Judgment Action" seeking contribution recovery from Federated. The trial court granted Pacific judgment for $2,112.24 after giv-ing Federated credit for an offset not here in dispute. Federated appeals, claiming that, on the record, judgment should have been entered in its favor for $1,256.76.

Before examining Federated's sole contention on which it seeks reversal, it is helpful to describe just how the trial court arrived at the amount of the judgment entered in

Pacific's favor. The order expressly adjudged "That the total settlements in each case were paid one half on behalf of Farrimond and one half on behalf of Bundt." The calculations resulting in the judgment entered follow the contribution theory just stated. Federated insured Farrimond's liability to Rush and Pike, and Pacific did not do so. Accordingly, the trial court first deducted Farrimond's share of each settlement, the share being fixed at one-half. There is no evidence that Farrimond was liable to each person injured in any greater or lesser amount than Wendy Bundt. Because, as already stated, Farrimond and Bundt in Federated's policy each had insurance coverage in identical amounts, the court, in apportioning responsibility as between Farrimond and Wendy Bundt in Federated's policy, adopted the theory that equality is equity. That theory underlies the theory of pro rata sharing based on policy limits approved in *Pacific Indem. Co. v. Federated Am. Ins. Co., supra.*

The court, after deducting Farrimond's half share of each settlement, treated Federated and Pacific as if their respective policies had equal applicable policy limits of $10,000 on the Wendy Bundt insurance risk. In conformity with the *Pacific* formula, the court then required each insurer to share half of the remaining settlement liabilities of each lawsuit. The court also required each insurer to share equally Pacific's attorney's fees incurred in the Pike settlement on behalf of Pacific's insured Wendy Bundt. The court's action with respect to the sharing of attorney's fees was required both by *Pacific Indem. Co. v. Federated Am. Ins. Co., supra,* and *Greater Seattle Youth for Christ v. Colonial Ins. Co.,* 76 Wn.2d 253, 456 P.2d 333 (1969). The foregoing calculations, after giving credit for payments made by each insurer, show a balance in Pacific's favor of $2,369. Pacific owed Federated $256.76 for appeal costs in the prior declaratory judgment case. By offsetting such costs against $2,369, Pacific received judgment for the remaining balance of $2,112.24.

Federated contends the court's application of the *Pacific*

formula on the record here involved is wrong. Federated's sole claim for reversal and entry of judgment in its favor of $1,256.76 is based on the record before us,[1] which it treats as adequate for that purpose. It contends:

> There was but one accident and each company had the duty of paying and discharging the obligations equally since the limits of their coverage were equal.
>
> . . .
>
> The proper proration should have been on an equal basis; that is, each company pay one-half of the amount to settle each cause of action and each company pay their own costs and attorney's fees.

Appellant's brief at 10.

We do not agree with Federated. Its contention fails to give effect to the fact that it insured Farrimond's obligation to pay for each person injured in the collision and that Pacific did not. The sharing of liability by insurers on a pro rata basis according to the applicable policy limits of their respective automobile insurance policies is predicated on the theory that each insurer insures the same risk. In the language of 8 J. Appleman, Insurance Law and Practice § 4913, at 390 (1962), the insurance must cover "the same loss so as to be true duplicate or overlapping coverage." *Pacific* did not address itself to the problem of changing the principle stated in Appleman and did not reject that principle. The risk insured is not the occurrence of an accident, but rather the risk of liability imposed by law upon the insured named or permitted in the automobile liability policy involved. An accident may give rise to more than one liability on the part of the person or persons causing it. One insurer may cover the obligation of one person to pay and not cover the obligation of another. Thus, here Pacific did not cover Farrimond's obligation to pay. Federated did.

Federated and Pacific furnished duplicate coverage on Wendy Bundt's obligation to pay for personal injuries. The

---

[1] In *State v. Richard*, 4 Wn. App. 415, 426, 482 P.2d 343 (1971), we stated that a fact "must be established below rather than asserted for the first time on appeal by counsel for the party claiming to be adversely affected." We follow that rule here.

payments made by each insurer to each person injured come well within the $10,000 per injured person policy limits of each policy. There is no evidence of overlapping property damage coverage furnished by the insurers so as to make applicable a claim for contribution under insurance property damage limits. This is so even if it were assumed that a claim for property damage was included in either the Rush or Pike settlements. Accordingly, we may disregard as inapplicable both overall policy limits limiting the total liability of the insurance carrier when more than one person is injured and property damage insurance coverage. That these insurance policy provisions are inapplicable seemingly accounts for the fact that there is no claim that information concerning Pacific's overall policy limits or Pacific's property damage coverage constitutes the omission of a material fact essential to a determination of policy limits applicable to the settlements here involved.

Were we to accept Federated's contention that the risk insured is the risk of accident rather than the risk of liability to an insured resulting therefrom, Pacific would be required to contribute to the payment of Farrimond's insured risk of liability even though Pacific did not insure that risk.

The judgment is affirmed.

CALLOW, J., concurs.

WILLIAMS, J. (dissenting)—The proportionate pecuniary responsibility of the two insurance companies has been fixed upon the basis of the number of joint tort-feasors each company was legally required to shield. I do not believe that this is a correct method of computing the contribution which each company is to make to the losses sustained in the automobile accident.

Generally, joint tort-feasors are each fully liable and there is no right of contribution or indemnity. *Duncan v. Judge*, 43 Wn.2d 836, 264 P.2d 865 (1953); *Mauk Seattle Lumber Co. v. Hoquiam Plywood Co.*, 5 Wn. App. 577, 489 P.2d 753 (1971). An insurer logically, therefore, cannot

derive a right of contribution through the one or more tort-feasors it is obligated to protect. Rather,

[t]he right to contribution is predicated upon the principle that all insurers are equally liable for the discharge of a common obligation, and arises even though, for the obligation involved, the sureties are bound by separate instruments.

(Footnote omitted.) 16 G. Couch, Insurance § 62:150 (2d ed. R. Anderson 1966). To put it another way, coinsurance of the same risk is prerequisite to a right of contribution among insurers. *Galloway v. Southern Farm Bureau Ins. Co.,* 247 S.C. 288, 147 S.E.2d 271 (1966). 8 J. Appleman, Insurance Law § 4913, at 388, 390 (1962) states:

Where two or more companies fully insure the same risk and one company is compelled to pay the total loss, it is entitled to contribution from the others for the amount of their proportionate shares. . . .

It is immaterial that such insurance was procured by different persons or even by different interests if, in fact, it covers the same loss so as to be true duplicate or overlapping coverage.

*See also Vance Trucking Co. v. Canal Ins. Co.,* 395 F.2d 391 (4th Cir. 1968), *cert. denied,* 393 U.S. 845, 21 L. Ed. 2d 116, 89 S. Ct. 129 (1968).

Federated and Pacific were coinsurers of the same risk, even though Federated was responsible for protecting Miss Bundt and Mr. Farrimond, whereas Pacific was responsible only for Miss Bundt.[2] Each company was severally liable up to the limits of its policy. *Clow v. National Indem. Co.,* 54 Wn.2d 198, 339 P.2d 82 (1959). The right of contribution did not arise derivatively from any particular joint tortfeasor but because each of the insurance contracts provided coverage for the occurrence which gave rise to the liability. The Supreme Court has decided that if both companies insured the same occurrence, which they did, each company is liable for a share of the settlement and defense expenses fixed by a pro rata division according to policy limits. *Pacific Indem. Co. v. Federated Am. Ins. Co.,* 76

Wn.2d 249, 456 P.2d 331 (1969); *Greater Seattle Youth for Christ v. Colonial Ins. Co.*, 76 Wn.2d 253, 456 P.2d 333 (1969).

The "Order on Plaintiffs' Motion for Judgment Pursuant to Declaratory Action" should be vacated. Because the limits of both policies are the same,[3] each party should share equally the cost of defense and discharge of their legal responsibilities as coinsurers.

Petition for rehearing denied September 5, 1972.

Review granted by Supreme Court October 26, 1972.

PACIFIC INDEMNITY ----- Co-insurers ------- FEDERATED AMERICAN
(Liability 100%)                              (Liability 100%)

Miss Bundt          Mr. Farrimond      Miss Bundt
(100% Liability)    (100% Liability)   (100% Liability)

OCCURRENCE
FROM WHICH LOSSES AROSE

[3]On oral argument counsel advised the court that the basic limits of each policy were $10,000 for injury to one person, $20,000 for injury to two or more persons, and $5,000 property damage.