[No. 42572.    En Banc.    June 28, 1973.]

PACIFIC INDEMNITY COMPANY et al., Respondents, v. FEDERATED AMERICAN INSURANCE COMPANY, Petitioner.

Wayne Murray (of Murray, Dunham & Waitt), for appellants.

Jack P. Scholfield (of Guttormsen, Scholfield, Willits & Ager), for respondents.

FINLEY, J.—This case is before this court pursuant to a petition to review a decision of the Court of Appeals in favor of the respondent, Pacific Indemnity Company, and against the petitioner, Federated American Insurance Company. We granted the petition for the purpose of determining the proper formula for contribution between two automobile liability insurers who insure the same risk, where the fact of joint liability has been agreed upon by settlement.

The facts of this case are as follows: Federated insured William Farrimond for any liability arising out of the operation of his vehicle; also insured under its policy were permissive users of the Farrimond vehicle, *i.e.,* Wendy Bundt in the instant case. Wendy Bundt also was insured by Pacific under a policy issued to her parents. On February 12, 1966, Wendy Bundt was driving Farrimond's car while he was giving her driving lessons. A collision occurred betweeen the Farrimond automobile and an automobile occupied by Hettie Rush and Marion Louise Pike, and driven by Harold Pike. Hettie Rush and Marion and Harold Pike sued Wendy Bundt and William Farrimond for damages. The lawsuits were settled as follows: Wendy Bundt and William Farrimond were deemed equally liable for the accident; Federated contributed $6,000 and Pacific contributed $4,000 toward the Rush settlement; each insurer contributed $1,250 toward the Pike settlement. The payments by each company were made without prejudice to the rights of the insurers as might ultimately be determined in a pending declaratory judgment action. It was specifically provided in the order of the trial court that:

[T]he parties intended and did in fact settle said cases on the theory and belief that if the Plaintiffs recovered judgment they would recover judgment against both Defendants; . . . and it was further the parties intention that said settlement would operate as a complete release and discharge of the liability or potential liability of Farrimond and Bundt in both cases.

After the settlements were made, Pacific filed a "Motion to Enter Judgment Pursuant to Declaratory Judgment Action", claiming that it was entitled to judgment over and against Federated in the sum of $2,112.24. Federated contended that it should have judgment in its favor in the sum of $1,256.76. The trial court granted judgment against Federated in the amount requested ($2,112.24). The trial court held that "the total settlements in each case were paid one half on behalf of Farrimond and one half on behalf of Bundt." Thus, Federated, under such a proration, was required to pay ¾ of the total settlement amount for both causes of action (the full 50 percent liability of Farrimond plus ½ of Wendy Bundt's 50 percent liability), while Pacific was required to pay only ¼ of the total settlement amount for both causes of action (½ of the 50 percent liability of Wendy Bundt). The Court of Appeals sustained the judgment of the trial court in a split decision, ruling that the "risk insured is not the occurrence of an accident, but rather the risk of liability imposed by law upon the insured named or permitted in the automobile liability policy involved," (*Pacific Indem. Co. v. Federated Am. Ins. Co.*, 7 Wn. App. 241, 245, 499 P.2d 247 (1972)); that were the court to accept Federated's contention that the risk insured is the risk of accident rather than the risk of liability to an insured resulting therefrom, "Pacific would be required to contribute to the payment of Farrimond's insured risk of liability even though Pacific did not insure that risk." *Pacific Indem. Co. v. Federated Am. Ins. Co., supra* at 246.

In determining the propriety of the above-stated contribution formula, we take cognizance of two initial points: (1) the case presents a question of first impression for this court,[1] and (2) our decision herein is restricted by certain

---

[1]The immediate question of law was only broadly addressed by this court in an earlier phase of this litigation in *Pacific Indem. Co. v. Federated Am. Ins. Co.*, 76 Wn.2d 249, 251-53, 456 P.2d 331 (1969). Aspects of that decision which are collaterally decisive of the instant issue are treated hereinafter in the textual discussion.

terms of the immediate settlement agreement between the parties pertaining to the division of liability between the tort-feasors. With these factors before us, we approach the argument advanced by Federated that the basis for liability should be the risk of accident, and that, upon this basis, each insurer should be deemed liable for one-half of the total settlement amount.

■ Previously, in *Pacific Indem. Co. v. Federated Am. Ins. Co.*, 76 Wn.2d 249, 252-53, 456 P.2d 331 (1969), we discussed in a general manner the appropriate method of dividing liability among joint insurers under circumstances pertinent to an earlier stage of this case:

> The remaining question for decision is an analysis of the policy limit method of proration. The method adopted by the trial court is only one of three possible solutions: (1) each insurer shares equally in the liability, regardless of premiums paid or policy limits; (2) liability is ascertained on the basis of the amount of premiums paid to each company; and (3) liability is prorated according to policy limits.

> We find no merit in the first possibility. It would not seem to achieve an equitable result unless the policy limits are somewhat similar.

> Although there is authority supporting the second possibility—proration in proportion to premiums paid—the weight of authority supports proration in accordance with policy limits. *See* Annot. 69 A.L.R.2d 1122, 1124.

> The second possibility was rejected in *Cosmopolitan [Mut. Ins. Co. v. Continental Cas. Co.*, 28 N.J. 554, 147 A.2d 529, 69 A.L.R.2d 1115 (1959) ], the court saying:

>> It is commonly known that the cost of liability insurance does not increase proportionately with the policy limits. The cost of increased limits is relatively small when compared to the cost of minimum coverage. The manner of contribution urged by Continental has recently been rejected. *Insurance Co. of Texas v. Employers Liability Assur. Corp.*, 163 F. Supp. 143 *(D.C.S.D. Cal.* 1958). In that case the court prorated liability according to the premiums paid the respective companies. Although this latter test initially commends itself, *upon reflection it appears that unless the insureds are in identical circumstances, there are too*

> *many variables affecting the premiums to permit them to form an adequate basis for an equitable adjustment, e.g., fleet insurance.* [Italics ours.]
>
> We conclude that the [third] rule adopted by the trial judge is supported by the better reasoning. It promotes uniformity; it does not necessitate a case-by-case analysis of extrinsic factors behind policy rates. The companies are left with their contracts, as they themselves have made them.

*Accord, Greater Seattle Youth for Christ v. Colonial Ins. Co.,* 76 Wn.2d 253, 456 P.2d 333 (1969). Thus, in determining that the appropriate method of distributing liability among joint insurers of the same insured is one of prorating liability according to policy limits, we constructed the framework for a simple, and we think appropriate, resolution of the immediate issue. As noted earlier, the policy limits in the insurance of William Farrimond were, basically stated, as follows: Federated insured Farrimond with limits of $10,000 bodily injury coverage for injury to one person, $20,000 bodily injury coverage for injury to two or more persons, and $5,000 property damage coverage; Pacific issued no policy of insurance to Farrimond. Therefore as common sense clearly dictates, since Farrimond was liable for 50 percent of the total settlement amount pursuant to agreement between the parties, Federated as his sole insurer is required by its policy with Farrimond to pay for all of his liability: 50 percent of the total settlement amount. Concerning the policy limits in the insurance of Wendy Bundt, the agreed facts in the record state that Federated and Pacific insured her for identical policy limits. Since Wendy Bundt was liable for the remaining 50 percent of the total settlement amount, the policy limit proration method of distributing liability among joint insurers as set out above leads us to an equal proration of her liability between her two insurers, based upon equal policy limits: 25 percent of the total settlement amount per insurer. This necessarily means that Federated is liable for 75 percent of the total settlement amount, and Pacific is liable for 25 percent.

In prorating the liability of joint insurers upon the basis of policy limits, it should be apparent that an equal division of the liability of the insured between insurers can result *only where the policy limits on that insured are the same, as in the instant case.* Further, the initial equal division of liability between the two tort-feasors, Bundt and Farrimond, is made herein pursuant to the provisions of the agreed settlement of all parties to this action.

■ Finally, regarding the issue of the division of attorney fees in the defense of Wendy Bundt, it is contended by Federated that each company should pay its own such costs, notwithstanding the fact that Federated earlier consented to and did share equally in the cost of Wendy Bundt's defense in the action brought by Hettie Rush. This contention by Federated is contrary to our earlier decision in this case:

> Third: The third possibility is, of course, the one adopted by the trial court; namely, that Pacific and Federated are legally obligated to the limits of liability of their respective policies on a pro rata basis; and if
>> the limit of liability coverage of said two insurance companies are equal, then *the two companies shall share equally the cost of defense and discharge of the legal responsibility of the said Wendy J. Bundt* arising out of said automobile accident on February 12, 1966, up to the limits of liability of each policy.
>
> We find that the decision of the trial court—which we affirm—is in accordance with the general rule and weight of authority  .   .   .

(Italics ours.) *Pacific Indem. Co. v. Federated Am. Ins. Co., supra* at 251. *See also Brauns v. Housden,* 195 Wash. 140, 79 P.2d 981 (1938). Since, in the instant case, defending and discharging the legal responsibility of the insured is to be equally shared by the joint insurers, it seems logical and fair that any resulting cost of such defense and discharge of the insured should be equal. Where, however, policy limits of joint insurers are not equal, the legal responsibility (and therefore attorney fees) of each should be prorated consistent with these variant degrees of coverage. Additionally, where it appears to the court that

gross injustice will follow from an equal division of such costs—even though policy limits be identical—the court may, in its discretion, modify such equal division to accord more realistic and reasonable compensation for the discharge of the legal responsibility of the insured by the respective joint insurers. In the instant case, finding no such injustice in an equal division of costs in the defense of Wendy Bundt, it is our judgment that these attorney fees should be equally divided between the two insurers which are party to this action.

For the reasons stated, the decisions of the Court of Appeals and the trial court are hereby affirmed.

HALE, C.J., ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., and RUMMEL, J. Pro Tem., concur.