[No. 47364-1.   En Banc.   April 2, 1981.]

CERTIFICATION FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN
MISSION INSURANCE COMPANY, *Plaintiff,* v. ALLENDALE
MUTUAL INSURANCE COMPANY, *Defendant.*

*Tewell, Thorpe & Findlay,* by *Duane Tewell* and *David A. Shaw,* for plaintiff.

*Houghton, Cluck, Coughlin & Riley,* by *David Skellenger* (*Robert M. Wattson,* of counsel), for defendant.

DOLLIVER, J.—The United States District Court for the Western District of Washington pursuant to RCW 2.60.020 has certified the following question to this court:

When an insured party suffers a property loss which is fully covered by the policies of two separate insurers, which insured to different policy limits, how should the loss be apportioned between the two insurers under Washington law?

Three approaches have been taken by the courts in resolving this question: (1) Policy Limit. Under this rule, the total loss is prorated on the basis of the maximum coverage limits of each policy. *Buckeye Union Ins. Co. v. State Auto. Mut. Ins. Co.,* 49 Ohio St. 2d 213, 361 N.E.2d 1052 (1977); (2) Maximum Loss. The loss is prorated based upon the maximum loss which each insurer standing alone would incur in the particular incident. *Ruan Transp. Corp. v. Truck Rentals, Inc.,* 278 F. Supp. 692 (D. Colo. 1968); (3) Premiums Paid. The loss is prorated in proportion to the premiums paid. *Insurance Co. v. Employers Liab. Assurance Corp.,* 163 F. Supp. 143 (S.D. Cal. 1858); *see Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.,* 28 N.J. 554, 147 A.2d 529, 69 A.L.R.2d 1115 (1959).

Of these approaches, policy limit appears to be the older and majority rule, maximum loss is the minority but emerging rule, while premiums paid has been nearly universally discarded. In 1969, we adopted the policy limit rule. *Pacific Indem. Co. v. Federated Am. Ins. Co.,* 76 Wn.2d 249, 456 P.2d 331 (1969) (*Pacific Indem. Co.* I). *Accord, Greater Seattle Youth for Christ v. Colonial Ins. Co.,* 76 Wn.2d 253, 456 P.2d 333 (1969). The policy limit

rule was affirmed in *Pacific Indem. Co. v. Federated Am. Ins. Co.*, 82 Wn.2d 412, 511 P.2d 56 (1973) (*Pacific Indem. Co.* II). *See also Transport Indem. Co. v. Rollins Leasing Corp.*, 14 Wn. App. 360, 541 P.2d 1226 (1975).

In *Pacific Indem. Co.* I, at page 252, the court did not analyze the maximum loss method but simply asserted "We find no merit in the first possibility [maximum loss]. It would not seem to achieve an equitable result unless the policy limits are somewhat similar."

In adopting the policy limit rule, the court said:

> We conclude that the rule adopted by the trial judge [policy loss] is supported by the better reasoning. It promotes uniformity; it does not necessitate a case–by–case analysis of extrinsic factors behind policy rates. The companies are left with their contracts, as they themselves have made them.

*Pacific Indem. Co.* I, at 253. No further analysis of the two rules is contained in any subsequent Washington case.

As a result of this certification by the District Court, we have reexamined our position. We overrule those cases in which we approved the policy limit rule and now adopt the maximum loss rule.

■ While neither rule is perfect, we believe the maximum loss rule provides for more equitable treatment of the parties. A number of courts which have compared the two rules have written lucidly on the subject. *See Ruan Transp. Corp. v. Truck Rentals, Inc., supra; Carriers Ins. Co. v. American Policyholders' Ins. Co.*, 404 A.2d 216 (Me. 1979); *State Farm Mut. Auto. Ins. Co. v. Travelers Indem. Co.*, 433 F.2d 311 (10th Cir. 1970); *Ryder Truck Rental, Inc. v. Schapiro & Whitehouse, Inc.*, 259 Md. 354, 269 A.2d 826 (1970); *Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., supra; Continental Cas. Co. v. Travelers Ins. Co.*, 84 Ill. App. 2d 200, 228 N.E.2d 141 (1967); *Dairyland Ins. Co. v. Drum*, 193 Colo. 519, 524, 568 P.2d 459 (1977) (Carrigan, J., dissenting).

The superiority of the maximum loss rule over the policy

limit approach has been well stated by the Supreme Judicial Court of Maine in *Carriers Ins. Co. v. American Policyholders' Ins. Co., supra* at pages 221–22:

> The minority rule [maximum loss] adopted by the presiding Justice utilizes the best aspects of both approaches without the limitations. Like the majority rule [policy limit], it is easy to administer. It would simply require each company to contribute equally until the limits of the smaller policy were exhausted, with any remaining portion of the loss then being paid from the larger policy up to its limits. *Nationwide Mutual Insurance Company v. State Farm Mutual Automobile Insurance Company,* [209 F. Supp. 83 (N.D. W. Va. 1962)]; *Dairyland Insurance Company v. Drum,* 568 P.2d 459, 464 (Colo. 1977) (Carrigan, J., dissenting in part).
>
> Unlike the majority rule, this Solomon–like approach comports with a most basic sense of justice. *See* Exodus, ch. 21, par. 35 ("When one man's ox hurts another's ox so badly that it dies, they shall sell the live ox and divide this money as well as the dead animal they shall divide equally between them.") Moreover, the majority rule unfairly discriminates against the larger policy by apportioning the loss in proportion to the respective policy limits, utterly forgetting that both insurers, by their contracts, have in fact agreed to cover a loss up to the limits of the lesser policy. Until that point is reached, the majority rule amounts to no more than an unacceptable subsidy from the high–coverage to the low–coverage carrier. We are in complete accord with the presiding Justice when he adopted the persuasive opinion of Judge Doyle in *Ruan Transport Corp. v. Truck Rentals, Inc., supra* note 7 at 696.
>
> > The majority method of prorating operates inequitably in its differentiating treatment of the high–loss and low–loss insurer. In return for a greater premium the insurer providing higher coverage has undertaken to protect the insured against accidents involving high losses. Yet because of this undertaking to protect against high loss the larger insurer is in an unfavorable position vis–a–vis the other insurer even in cases of low loss, since under the majority method of prorating the insurer affording the greater maximum coverage pays

the greater segment of any loss incurred, regardless of the amount of the loss. This seems inequitable since both insurers have equally undertaken to insure against the low–loss accident.

The majority rule would hardly encourage an insurer from increasing its coverage where it is aware that there is a lesser policy. It would increase the insurer's potential liability not only in the high–risk situation which the additional premiums are presumably meant to recompense, but it would have the untoward effect of increasing liability in the more likely to occur low–risk situation. Carried to its extreme, it would further increase the cost of additional insurance thereby reducing the likelihood that an insured would choose such coverage. *See Dairyland Insurance Company v. Drum, supra,* (Carrigan, J., dissenting in part). The Court would be reluctant to adopt a rule which would seemingly have little social utility.

We concur in the analysis of the Maine court and believe the maximum loss rule to be the better rule. In response to the question from the United States District Court, we hold that under Washington law the loss should be apportioned between the two insurers under the doctrine of maximum loss as expressed in this opinion.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.