267 P.3d 540 (2011)
SAFECO INSURANCE COMPANY OF ILLINOIS, Appellant,
v.
COUNTRY MUTUAL INSURANCE COMPANY, Respondent.
No. 65924-3-I.
Court of Appeals of Washington, Division 1.
Publication Ordered December 12, 2011.
December 6, 2011.
*541 Gregory Worden, Barrett & Worden, Seattle, WA, for Appellant.
Timothy Reid, Attorney at Law, Issaquah, WA, for Respondent.
SPEARMAN, J.
¶ 1 When two insurance policies operating on the same coverage level each contain an "other insurance" clause purporting to make the policy excess over the other policy, we generally disregard the clauses as mutually repugnant to each other, rendering each insurance company liable for a pro-rata share of the judgment or settlement. Here, the policies issued by Safeco Insurance Company of Illinois and Country Mutual Insurance Company, both operate on the same coverage level and both contain language making each policy excess. As such, the "other insurance" clauses must be disregarded as mutually repugnant, and the trial court erred in dismissing Safeco's claims seeking reimbursement from Country Mutual for payments to their mutual insured. Reversed and remanded for entry of judgment in favor of Safeco.

FACTS
¶ 2 Jonathan Kooistra was in a car accident while driving a car owned by Paul and Alene Parish. Kooistra was driving the car with the Parishes' permission. Country Mutual Insurance Company (Country Mutual) insured Kooistra. The Country Mutual policy provided liability coverage for accidents resulting from Kooistra's use of a non-owned vehicle. Safeco Insurance Company of Illinois, *542 (Safeco) insured the Parishes. The Safeco policy extended liability coverage to any person using the Parishes' car with their permission, and as such Kooistra was covered under the Safeco policy.
¶ 3 After the accident, Safeco paid property damage claims against Kooistra. Country Mutual refused to share the costs pro rata. Safeco sued Country Mutual for contribution. The parties cross-moved for summary judgment. Country Mutual argued that under its "other insurance" clause, its coverage for nonowners was excess over Safeco's coverage, which was primary. The trial court agreed with Country Mutual and dismissed the case. Safeco appeals.

DISCUSSION

Standard of Review
¶ 4 This court reviews summary judgments de novo. Michael v. Mosquera-Lacy, 165 Wash.2d 595, 601, 200 P.3d 695 (2009). "Summary judgment is appropriate when `there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Locke v. City of Seattle, 162 Wash.2d 474, 483, 172 P.3d 705 (2007) and CR 56(c)). The facts here are not in dispute; rather, at issue in this appeal is the meaning of provisions of two insurance policies. Interpretation of an insurance contract is a question of law subject to de novo review. Overton v. Consol. Ins. Co., 145 Wash.2d 417, 424, 38 P.3d 322 (2002).

Other Insurance Clauses
¶ 5 Safeco argues that the insurance policies at issue here each have "other insurance" clauses that would make the other policy excess, and as such, "each of those clauses is disregarded and each insurer is liable for a pro rata share of the loss[.]" On this basis, Safeco argues the trial court erred in granting Country Mutual's motion for summary judgment. We agree for the reasons described herein.
¶ 6 Generally, when two policies each contain an "other insurance" clause purporting to make the policy excess over the other policy, our courts have disregarded the clauses as "`mutually repugnant.'" Polygon Northwest Co. v. American National Fire Ins., 143 Wash.App. 753, 777, 189 P.3d 777 (2008) (citing Pac. Indem. Co. v. Federated Am. Ins. Co., 76 Wash.2d 249, 251-52, 456 P.2d 331 (1969), overruled on other grounds by, Mission Ins. Co. v. Allendale Mut. Ins. Co., 95 Wash.2d 464, 626 P.2d 505 (1981)). However, this general proposition only applies to policies containing similar provisions at the same coverage level. See Polygon, 143 Wash.App. at 778, 189 P.3d 777.
¶ 7 Country Mutual contends the clauses here are not mutually repugnant because its policy does not operate at the same "coverage level" as the Safeco policy, but is instead an excess policy that operates above the Safeco policy. Country Mutual claims this is so because "the Safeco policy was primary by virtue of its omnibus coverage[,]" while the Country Mutual "other insurance" clause limited the Country Mutual policy to excess coverage. But in making this argument, Country Mutual is looking only to its "other insurance" clause, while ignoring the main grant of coverage. The Country Mutual policy provides "liability insurance" when the insured is legally obligated to pay damages because of bodily injury or property damage "caused by an accident resulting from the ownership maintenance, or use of an insured vehicle, . . . or of any nonowned vehicle." Country Mutual thus provided primary coverage to Kooistra for his use of a nonowned vehicle.
¶ 8 Country Mutual cites Safeco Ins. Co. of Am. v. Pac. Indem. Co., 66 Wash.2d 38, 401 P.2d 205 (1965), in support of its argument. But Country Mutual's interpretation of that case is faulty. There, as here, the insured was driving a car he did not own and was in an accident. He was covered both under his own liability policy for driving a nonowned car, and under the owner's policy, which extended coverage to those driving the owner's car with permission. Safeco, 66 Wash.2d at 39, 42, 401 P.2d 205. Country Mutual is correct that the Court held that the driver's own liability policy insuring him for use of the non-owned vehicle was excess over the other policy. But the Court reached its conclusion by analyzing the language of the other *543 insurance clauses of both policies, and noting that only the policy insuring the driver for use of the non-owned vehicle contained language making it excess:
¶ 9 The Safeco policy provides:
`Other Insurance. If the insured has other insurance against a loss covered by the Physical Damage Section of this policy, safeco shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance hereunder with respect to temporary substitute automobiles or to non-owned automobiles shall be excess insurance over any other valid and collectible insurance.'
¶ 10 The Pacific policy reads:
`Other Insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss.'
Id. at 45, 401 P.2d 205 (emphasis added.) Thus, one policy contained language making the policy excess, while the other had no such language, and instead contained language which only provided for the pro rata sharing of costs. On this basis, the Court held that "`when an excess clause in one automobile liability insurance policy conflicts with another `other insurance' clause, and more particularly a `pro-rata' clause, in a second policy, the excess clause controls and is to be given its full effect.'" Id. at 47-48, 401 P.2d 205 (quoting Citizens Mut. Auto. Ins. Co. v. Liberty Mut. Ins. Co., 273 F.2d 189, 193 (6th Cir.1959)).
¶ 11 But the other insurance clauses here are unlike those in Safeco v. Pac. Indem. because both contain language making each policy excess. The Country Mutual "other insurance" clause reads as follows:
Other Insurance. If there is other applicable liability insurance for a loss covered by this policy we will pay only our share of the loss. Our share is determined by totaling the limits of this insurance and all other collectible insurance and finding the percentage of the total which our limits represent. However, any insurance we provide with respect to a vehicle you do not own will be excess over any other collectible insurance.
(Emphasis added.) While, the Safeco other insurance clause reads:
OTHER INSURANCE
If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.
(Emphasis added.)
¶ 12 The Supreme Court addressed two policies with similar language in Pac. Indem. Co. v. Federated Am. Ins. Co., 76 Wash.2d 249, 456 P.2d 331 (1969). In that case, the insured was involved in an accident while driving a non-owned car with permission of the owner. Pacific Indemnity insured the driver "against liability arising from her use and operation of an automobile; but, if she was operating a car not owned by her, the policy provided that the company's coverage was only to be excess[.]" Id. at 250, 456 P.2d 331. While the car owner's policy, issued by Federated, extended coverage to anyone driving the owner's car, but "only to the extent that the coverage was in excess of any other valid and collective insurance available." Id. The Supreme Court held the clauses were mutually repugnant, and explained that Safeco Ins. Co. v. Pac. Indem, stood for the proposition that an "excess" clause would be enforced over a "pro rata" clause because according to its terms the policy with the pro rata clause "became effective prior to the policy of `excess insurance.'" Pac. Indem. v. Federated, 76 Wash.2d at 251, 456 P.2d 331 (emphasis added.) The Court stated that when both clauses contain language making each policy excess, "[t]here is no reason to give absolute effect to a provision in one policy while ignoring a similar provision in the other. Both clauses should occupy the same legal status." Id.
*544 ¶ 13 There are no meaningful distinctions between the two policies discussed in Pac. Indem. v. Federated and those at issue in this case. Contrary to Country Mutual's argument, the policies here are on the same coverage level, and they both contain language making them excess over other policies. As such, both clauses must be disregarded and each party is responsible for its pro rata share of the loss. Polygon, 143 Wash.App. at 777, 189 P.3d 777; Pac. Indem. v. Federated, 76 Wash.2d at 251-52, 456 P.2d 331 (citing 7 Am. Jur. 2d Automobile Insurance sec. 202, p. 545).[1] The trial court therefore erred in granting summary judgment in favor of Country Mutual, and instead should have entered judgment in favor of Safeco.

Olympic Steamship Fees
¶ 14 Safeco also argues it is entitled to attorney fees under Olympic S.S. Co., Inc. v. Centennial Ins. Co., 117 Wash.2d 37, 52, 811 P.2d 673 (1991). Country Mutual did not respond to this argument in its brief. Under the Olympic S.S. case, our courts have established an equitable exception to the American Rule on attorney fees to allow the award of fees to an insured who successfully sues an insurer to obtain insurance coverage. Olympic S.S., 117 Wash.2d at 52, 811 P.2d 673; McGreevy v. Oregon Mut. Ins. Co., 128 Wash.2d 26, 32-33, 904 P.2d 731 (1995). This doctrine also includes "`the right of an insured to recoup attorney fees that it incurs because an insurer refuses to defend or pay the justified action or claim of the insured, regardless of whether a lawsuit is filed against the insured.'" McRory v. Northern Ins. Co. of New York, 138 Wash.2d 550, 554, 980 P.2d 736 (1999).
¶ 15 Safeco contends that under the McRory case, it is just as entitled as the insured to recover attorney fees from Country Mutual. We disagree. Safeco is correct that under McRory, "assignees of the insured may recover fees if they are compelled to sue an insurer to secure coverage." McRory, 138 Wash.2d at 556, 980 P.2d 736. But here, Safeco's claims against Country Mutual are not based on an assignment of rights from the insured. Rather, the claims as set forth in Country Mutual's complaint are for equitable contribution. These arise from Safeco's owns rights as an overpaying insurer, not the rights of the insured. Indeed, the "right of equitable contribution belongs to each insurer individually. It is not based on any right of subrogation to the rights of the insured, and is not equivalent to standing in the shoes of the insured." Polygon, 143 Wash.App. at 795, 189 P.3d 777 (quoting Fireman's Fund Ins. Co. v. Md. Cas. Co., 65 Cal.App.4th 1279, 1294, 77 Cal. Rptr.2d 296 (Cal.App.1998)). As such, Safeco is not entitled to attorney fees under Olympic Steamship.
¶ 16 Reversed and remanded for entry of judgment in favor of Safeco.
WE CONCUR: LAU and APPELWICK, JJ.
NOTES
[1] This section can now be found at 7A AM. JUR. 2d AUTOMOBILE INSURANCE § 573 (2007), p. 353-54.